■ CARMEN GONZALEZ, Appellant, v CITY OF NEW YORK, Respondent. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated April 3, 1989, which granted the defendant's motion, in effect, to set aside a jury verdict on the issue of liability and dismiss the complaint.

Ordered that the order is affirmed, with costs.

At trial, the plaintiff proffered evidence that she sustained injuries when she fell on a snow-covered Brooklyn sidewalk on February 8, 1985. She further proffered evidence that there had been two snowstorms during the week preceding her fall. Although the plaintiff asserted that she fell as a result of the defendant's negligence in failing to clear the sidewalk after the first snowfall, we agree with the trial court's determination that there was no evidence from which the jury could rationally conclude that the plaintiff's injuries were due to the defendant's failure to act within a reasonable time after the first snowstorm *(see, Bernstein v City of New York,* 69 NY2d 1020). Indeed, based upon the evidence adduced at trial, any such finding by the jury would have rested upon pure speculation *(Bernstein v City of New York, supra; Foley v City of New York,* 95 App Div 374). Furthermore, there was insufficient time between the end of the second snowstorm and the plaintiff's fall for the defendant to be held liable for its failure to clear the sidewalk *(see, Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932). Accordingly, the jury verdict finding the defendant 100% at fault in the happening of the accident was erroneous as a matter of law and the complaint was properly dismissed. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.