■ DEBRA PORCARI, Respondent, v S.E.M. MANAGEMENT CORP. et al., Appellants. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), dated June 25, 1990, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained serious injuries when she slipped and fell on a snow-covered ice patch on premises owned by the defendant Leisure Village Association, Inc. The accident occurred at approximately 10:00 A.M. on February 7, 1986, while the plaintiff, a security guard employed at the premises, was responding to an emergency call. At her examination before trial, the plaintiff testified that when she left her home for work at approximately 7:00 A.M. that morning, it was snowing heavily and the roads were slippery. When she fell on the walkway at 10:00 A.M., it was still snowing heavily and there was an accumulation of four to five inches. The

plaintiff testified that she was wearing flat black loafers at the time of her fall, and the walkway was slippery.

The plaintiff relies on certain meteorological evidence of weather conditions in the days prior to the accident in support of her contention that the ice patch had developed prior to the day of the accident and the defendants were therefore negligent for having failed to correct the allegedly dangerous condition. According to the plaintiff's interpretation of this evidence, there had been approximately one inch of snow and .4 inch of rain within one week preceding the date of the accident. The temperature went above freezing on each of the five preceding days. On the day before the accident, the temperature dropped below freezing sometime in the afternoon and remained so during the snowstorm that began the next day.

A party in possession or control of real property is afforded a reasonable time after the cessation of the storm or temperature fluctuations which created a dangerous condition to exercise due care in order to correct the situation *(see, Newsome v Cservak,* 130 AD2d 637). The plaintiff's claim that she slipped on an old patch of ice is based on pure speculation *(see, Gonzalez v City of New York,* 168 AD2d 541; *Moorhead v Hummel,* 36 AD2d 682). The record here indicates that the allegedly dangerous condition must have developed during the snowstorm which began in the morning on the day of the accident or within such a short period of time prior thereto that the defendants could not be charged with negligence for their failure to correct the situation *(see, Gonzalez v City of New York, supra; Valentine v City of New York,* 86 AD2d 381, affd 57 NY2d 932; *Newsome v Cservak, supra).* Accordingly, the defendants' motion for summary judgment is granted. Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.