■ Lawrence Decker et al., Appellants, v Kenneth Smith et al., Respondents. [629 NYS2d 313] —Mercure, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered June 29, 1994 in Chenango County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Lawrence Decker (hereinafter plaintiff) sustained the injuries forming the basis for this action when he slipped and fell on a macadam driveway while delivering feed to a dairy farm owned by defendant Harold L. Herbert and operated by defendant Kenneth Smith. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs now appeal.

Defendants' submission on their summary judgment motion included plaintiff's deposition testimony concerning the circumstances surrounding the accident. Plaintiff testified that he arrived at defendants' farm at some time after 5:00 P.M. on January 13, 1989. He drove his truck up a macadam driveway, pulled over to one side and backed up to the milk house. He then got out of his truck, walked around to the back, loaded a 100-pound bag of feed onto his shoulder and proceeded approximately 5 to 7 feet toward the building when he slipped and fell. Significantly, plaintiff noted no snow or ice on the

driveway and, other than his testimony that his inspection following the accident disclosed the surface to be "cold and hard and slippery", he was unable to give any indication of the allegedly dangerous or defective condition that caused him to fall. In fact, he candidly testified that he was "actually mad at [him]self * * * [f]or not being a little more careful". In our view, this testimony was of itself sufficient to satisfy defendants' initial burden on the motion (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Plaintiffs' opposition to the motion fell far short of their obligation to come forward with "evidence that the presence of * * * snow or ice created a dangerous condition which defendant[s] knew or in the exercise of reasonable care should have known existed" (*Marcellus v Littauer Hosp. Assn.*, 145 AD2d 680, 681; *see, Byrd v Church of Christ Uniting*, 192 AD2d 967). There is simply no evidence that a dangerous condition was visible and apparent for a sufficient period of time prior to plaintiff's accident to allow defendants to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836). We are not persuaded by the argument that, knowing plaintiff was due to arrive with the feed, Smith had a duty to physically inspect the driveway to ensure that it was not slippery. Nor is a factual issue created by plaintiffs' speculation that Smith somehow created or contributed to the alleged slippery condition by inadequately removing ice and snow following an earlier storm (*see, Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.