■ ANN BOYKO, Appellant, v JEANNE LIMOWSKI et al., Respondents. [636 NYS2d 901] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered January 19, 1995 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered March 20, 1995 in Albany County, which denied plaintiff's motion for reconsideration.

Plaintiff commenced this personal injury action following her slip and fall on January 24, 1992 as she was departing from the home of the now-deceased Grace Reilly. According to plaintiff, her fall was caused by accumulated ice that remained untreated for a substantial period of time prior to the accident. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court

granted the motion and also denied a subsequent motion by plaintiff for reconsideration. These appeals ensued.

In support of their motion for summary judgment, defendants presented meteorological evidence of weather conditions on the day prior to the accident as well as the day of the accident. This evidence shows that on January 23, 1992, from 7:00 A.M. through 10:00 P.M., 0.57 inches of precipitation fell in the form of rain, freezing drizzle and freezing rain. Thereafter, during two relevant periods on January 24, 1992, additional precipitation totaling 0.10 inches fell; rain showers occurred between 4:00 A.M. and 7:00 A.M. with snow showers occurring between 10:00 A.M. and 1:00 P.M. The average temperature on the day of the accident was 31 degrees and on the day before 32 degrees.

Sheila Van Valen, Reilly's home health-aide, testified that defendants' driveway was slippery at approximately 7:00 A.M. when she arrived to begin her shift on January 24, 1992. In addition, at her examination before trial, plaintiff testified that when she arrived at Reilly's home at 10:00 A.M. on the day of the accident the driveway and walkway were a "sheet of ice", and that it was snowing when she exited the house and fell at approximately 10:30 A.M. Plaintiff could not, however, recall any precipitation at the time of her arrival.

Plaintiff maintains that she fell on accumulated ice from the earlier storm which ended at 9:00 P.M. on January 23, 1992, or at the very least that there is a question of fact as to when the ice was formed. Defendants contend that since snow was falling at the time of plaintiff's accident, the storm in progress doctrine, which affords landowners a reasonable time *after the cessation of a storm or temperature fluctuations which created the hazardous condition* to take corrective action (*see, Downes v Equitable Life Assur. Socy.*, 209 AD2d 769), precludes the imposition of liability.

Plaintiff's proof tends to demonstrate that an icy condition from the storm on January 23, 1992, if not wholly at least in part, caused her injuries (*see, Bernstein v City of New York*, 69 NY2d 1020, 1022). Viewing the evidence in the light most favorable to plaintiff (*see, Byrd v Church of Christ Uniting*, 192 AD2d 967, 969; *Dykstra v Windridge Condominium One*, 175 AD2d 482, 483), she has shown facts and conditions from which defendents' negligence can reasonably be inferred (*cf., Bernstein v City of New York, supra*).

Additionally, in order to impose liability upon defendants under the instant circumstances, plaintiff is required to demonstrate that defendants had either actual or constructive no-

tice of the icy condition (*see, George v Ponderosa Steak House*, 221 AD2d 710, 711). Since, as plaintiff concedes, there is nothing in the record demonstrating that defendants had actual notice of the icy condition, plaintiff must proceed upon the theory of constructive notice. Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action (*see, supra*; *Byrd v Church of Christ Uniting, supra*, at 969). Here, plaintiff's proof in opposition to the motion for summary judgment, at a minimum, is sufficient to establish that an icy condition was visible and apparent on defendants' driveway and walkway as of 7:00 A.M. on January 24, 1992 and that it existed for at least three hours until plaintiff's arrival at approximately 10:00 A.M. Thus, defendants' evidence fails to establish as a matter of law that they lacked constructive notice of this condition. Accordingly, summary judgment should not have been awarded.

We need not address plaintiff's appeal from the order denying her motion seeking reconsideration of the prior motion awarding summary judgment to defendants.

Mikoll, Crew III, Casey and Spain, JJ., concur. Ordered that the order entered January 19, 1995 is reversed, on the law, without costs, and motion for summary judgment denied. Ordered that the appeal from order entered March 20, 1995 is dismissed, as academic, without costs.