■ RICHARD L. POLGAR, JR., Respondent, v SYRACUSE UNIVERSITY, Appellant. [680 NYS2d 132] —Spain, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered December 22, 1997 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint.

On April 5, 1995, at approximately 12:40 P.M., plaintiff injured his knee when he slipped and fell on a sidewalk covered with snow and slush while walking from one building to another at defendant's campus where he was a student. A snowstorm had begun on the afternoon of April 4, 1995 and did not end until approximately 7:00 A.M. on the date of plaintiff's accident, a day upon which the temperature did not rise above 27 degrees Fahrenheit.

In the personal injury action filed thereafter, plaintiff alleges that defendant was negligent in its failure to maintain the sidewalk in a safe condition. Defendant's motion for summary judgment dismissing the complaint was denied by Supreme Court, giving rise to this appeal. We affirm.

To impose liability for a slip and fall upon a landowner, there must be evidence that the defendant knew or, in the exercise of reasonable care, should have known that icy conditions existed and nonetheless failed to exercise due care to correct the situation within "a reasonable time after the cessation of the storm or temperature fluctuations which created [the] dangerous condition" (*Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557; *see, Byrd v Church of Christ Uniting*, 192 AD2d 967, 969). In the instant matter, the record discloses unresolved issues of fact as to when and if the sidewalk where plaintiff fell was cleared (*see, Boyko v Limowski*, 223 AD2d 962; *cf., Goldman v State of New York*, 158 AD2d 845, *appeal dismissed* 76 NY2d 764). In the course of discovery, plaintiff testified that the entire sidewalk was covered in slush and snow at the time he fell and that he saw no indication that it had been shoveled, plowed, salted or sanded since the storm began. An employee of defendant who was assigned to maintain the sidewalk in question, stated in his deposition that he had no specific recollection of working on the sidewalk on the day of plaintiff's accident, although his usual work schedule would have resulted in his clearing the sidewalk twice, once during the storm and

once after the storm was over. As issues of fact persist in this matter, we conclude that defendant's summary judgment motion was properly denied.

Cardona, P. J., Mercure, White and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.