■ CHUCK W. DONG, Respondent, v CAZENOVIA COLLEGE, Appellant. [692 NYS2d 793] —Cardona, P. J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 28, 1998 in Tompkins County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured when he slipped and fell on the floor of the gymnasium at defendant's college. After playing intramural

basketball, he left the court at halftime to take a break. Plaintiff maintains that, during his absence, three students engaged in a snowball fight on the floor of the basketball court and that some of the snow melted causing water to accumulate. Plaintiff slipped on a puddle of water while warming up for the second half of the game. He commenced this negligence action and, following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court, *inter alia*, denied the motion resulting in this appeal.

We affirm. Initially, we note that as the proponent of the summary judgment motion, the defendant must "establish as a matter of law that it maintained its premises in a reasonably safe condition * * * and that it did not have actual or constructive notice of the defect or that it did not create the allegedly dangerous condition" (*Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846 [citations omitted]; *see, Anderson v Central Tractor & Farm Family Ctr.*, 250 AD2d 1023). When it appears that the main issue is constructive notice, as in the instant matter, and the defendant has demonstrated a lack thereof, the burden shifts to the plaintiff to submit evidence raising a question of fact that the defendant had constructive notice of the condition (*see, Anderson v Central Tractor & Farm Family Ctr., supra*, at 1024). "To constitute constructive notice, a defect must (1) be visible and apparent, and (2) must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Eaton v Pyramid Co. of Ithaca*, 216 AD2d 823, 824).

In support of its motion, defendant submitted the affidavit of its Director of Co-Curricular Activities who averred that he was on duty and present in the gymnasium for the duration of the game. He further averred that he did not witness anyone throwing snowballs and, if he had been so informed, he would have corrected the condition immediately. In opposition, plaintiff submitted the affidavit of another player who witnessed the students throwing snowballs during halftime and observed the puddles on the floor from melting snow. In our view, the proof submitted by plaintiff raises questions of fact as to the existence and visibility of the hazardous condition created by the melting snow and whether it was present for a sufficient period of time to permit defendant's employees to take remedial action (*see, Anderson v Central Tractor & Farm Family Ctr., supra*, at 1024). Accordingly, defendant's motion was properly denied.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.