■ ROBERT K. CHAPMAN, Appellant, v STEPHEN POUNDS et al., Respondents. [702 NYS2d 160] —Mugglin, J. Appeal from an

order of the Supreme Court (Keegan, J.), entered January 29, 1999 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff seeks to recover for injuries he sustained when he slipped and fell on premises owned by defendants Stephen Pounds and Katherine Pounds. At the time of plaintiff's fall, the premises were unoccupied, the Poundses having previously moved to New Hampshire. When they moved, they listed the property for sale with defendant, Real Estate Source, Inc. and defendant Mary Jo Cosco was the listing agent. Freezing rain had been falling for several hours and was still falling when Cosco, intending to conduct an open house, encountered plaintiff in the driveway of the premises. She escorted plaintiff and his companion to the front door and, after warning them to watch out for the ice, she unlocked and entered the house. Plaintiff slipped on the first step, breaking his left leg.

Following joinder of issue and some discovery, Cosco and Real Estate Source moved for summary judgment dismissing the complaint against them. The Poundses cross-moved for the same relief. Supreme Court, determining that the "storm in progress" defense was applicable and that plaintiff's assertion that the slippery condition was caused by dripping eaves from the roof overhang was purely speculative, granted the motions. Plaintiff now appeals.

A defendant in possession or control of real property is under no obligation to remedy hazardous snow and ice-related conditions caused by an ongoing storm either during the storm or "until a reasonable time after it [has] ended" (*Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994; *see, Jensen v Roohan*, 233 AD2d 587, 588; *Jornov v Ace Suzuki Sales & Serv.*, 232 AD2d 855, 856).

Plaintiff's theory that the slippery condition was caused by snow melting on the roof of the premises, dripping on the steps and refreezing, is insufficient to raise a triable issue of fact as to whether defendants were guilty of negligence. First, there is no evidence demonstrating that any defendant had either actual or constructive notice that icy conditions prevailed on the property's front steps (other than from the ongoing storm) either on the day of plaintiff's fall or on the days immediately preceding it (*see, Reynolds v Masonville Rod & Gun Club*, 247 AD2d 682; *Decker v Smith*, 217 AD2d 776, 777). Moreover, although both the Poundses and Cosco indicated that in the past they had salted or shoveled to remove snow and that they had a general awareness that snow and ice might accumulate on the steps on occasion, this is insufficient to constitute notice of

a specific hazardous condition (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Winecki v West Seneca Post 8113*, 227 AD2d 978, 979). In any event, plaintiff has failed to submit any proof to support his conclusory assertion that an issue of fact exists as to whether his fall was caused by "old" ice rather than "new" ice (*see, Jornov v Ace Suzuki Sales & Serv., supra,* at 857).

We also find no merit to plaintiff's contention that Cosco owed an affirmative duty to plaintiff to warn of the dangerous condition. Assuming, arguendo, that as a result of the agency relationship Cosco had some responsibility toward plaintiff, no duty exists to warn of conditions which are readily visible and apparent (*see, De Rossi v Golub Corp.*, 209 AD2d 911, 912, *lv denied* 85 NY2d 804; *Tarricone v State of New York*, 175 AD2d 308, 310, *lv denied* 78 NY2d 862). Since the evidence, when viewed in the light most favorable to plaintiff (*see, Byrd v Church of Christ Uniting*, 192 AD2d 967, 969), fails to reveal facts and conditions from which defendants' negligence can be reasonably inferred, Supreme Court properly granted summary judgment dismissing the complaint.

Peters, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.