(September 11, 2000)

■ JAMES J. CANTWELL, Appellant, v NASSAU-SUFFOLK DEK HOCKEY, INC., Respondent. [713 NYS2d 288] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered September 22, 1999, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped on ice and injured himself playing league deck hockey at premises operated by the defendant. Deck hockey is similar to ice hockey, but it is played on a rubber, waffled surface instead of on ice, and players use sneakers and a ball instead of ice skates and a puck. The deck hockey rink at issue is located outdoors, and although it had snowed the day before the plaintiff's accident, the snow had been cleared from the playing surface.

After issue was joined and various disclosure completed, the defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, *inter alia,* to strike the defendant's affirmative defenses of assumption of the risk and waiver. In the order appealed from, the Supreme Court granted the defendant's motion and denied the plaintiff's cross motion as academic. We affirm.

In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the defendant either created the alleged ice condition at issue, or had actual or constructive notice of the condition and a reasonable time to remedy the same *(see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Porcari v S.E.M. Mgt. Corp.,* 184 AD2d 556). Thus, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.