■ CHRISTOPHER BAZAN et al., Individually and as Parents and Guardians of HAYDEN BAZAN, an Infant, Appellants, v RITE AID OF NEW YORK, INC., Respondent. [718 NYS2d 487] —Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered March 10, 2000 in Essex County, which granted defendant's motion for summary judgment dismissing the complaint.

On September 14, 1995, plaintiff Dawn Bazan was shopping at one of defendant's stores with her 17-month-old son. According to Bazan, she placed the child in the store's shopping cart and warned him that he could fall out of the cart if he did not remain seated. When she diverted her attention to shop, the child stood up and fell over the side of the cart, sustaining injuries. Bazan acknowledged that she had previously used these shopping carts to carry her children and knew that they had never been equipped with child safety seats. She contended, however, that no signs on the cart or within the store made reference to the hazards which could be encountered by placing children in such cart. Plaintiffs, individually and as the child's parents, commenced this action alleging negligence. After issue was joined, defendant successfully moved for summary judgment. This appeal ensued.

Although the existence and scope of a duty is a legal determination (see, Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 585) and a property owner is laden with the requirement to maintain its property in a reasonably safe condition (see, Basso v Miller, 40 NY2d 233), such owner will "not [be] obligated to guard against an obvious danger created by misuse of property which is not otherwise defective" (Barrett v Lusk, 265 AD2d 654, 655) nor be required to "warn of conditions which are readily visible and apparent" (Chapman v Pounds, 268 AD2d 769, 771).

Here, defendant proffered the underlying pleadings and pretrial testimony of Bazan and Robert McLaughlin, a pharmacist present in the store at the time of the incident. According to McLaughlin, defendant's shopping carts contain signs clearly warning that they should not be used to carry children while shopping. With no further contention that the shopping cart was in a state of disrepair, we agree that defendant sustained its burden in demonstrating its entitlement to summary judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562).

Viewing the evidence in the light most favorable to plaintiffs,

the parties opposing the motion (*see, Passonno v Hall*, 125 AD2d 767, 768), we fail to find any "fact[ ] [or] condition[ ] from which defendant['s] negligence can be reasonably inferred" (*Chapman v Pounds, supra,* at 771). Even if the cart contained no warning, Bazan admitted that she knew that it had no child safety seat and fully acknowledged the potential danger to her child. Finally, had we determined that the absence of a child safety seat in such cart created a defect, there still would have been no duty to warn Bazan of the danger in using such cart for her child since such "defect" was open and obvious (*see, id.,* at 771).

For these reasons, we affirm Supreme Court's order.

Cardona, P. J., Mercure, Crew III and Rose, JJ., concur. Ordered that the order is affirmed, with costs.