■ Jo A. La Duke et al., Appellants, v Albany Motel Enterprises, Inc., Doing Business as OMNI Albany Hotel, et al., Respondents. [724 NYS2d 507] —Mercure, J. P. Appeal from an order of the Supreme Court (Caruso, J.), entered February 2, 2000 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Jo Ann La Duke (hereinafter plaintiff) on March 6, 1996 when she slipped and fell while walking down a ramp in the Omni Hotel parking garage in the City of Albany. The complaint alleges negligent maintenance of the parking facility by defendants, the owner and operator of the parking facility. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Finding that plaintiffs failed to raise a question of fact concerning defendants' actual or constructive notice of the dangerous condition giving rise to plaintiff's injury, Supreme Court granted the motion. Plaintiffs appeal.

As a threshold matter, we are not persuaded that Supreme Court abused its discretion by entertaining defendants' motion more than 120 days following the filing of the note of issue. While the Legislature has provided that a motion for summary judgment shall be made no later than 120 days after the filing of the note of issue, a trial court has discretion to extend that period upon a showing of good cause and in the absence of prejudice (*see*, CPLR 3212 [a]; *Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128-129; *Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778, 779). Considering that defendants moved for summary judgment only a few days beyond the 120-day period specified in CPLR 3212 (a) and provided a reasonable explanation for the delay, and in the absence of any showing of prejudice to plaintiffs, we conclude that Supreme Court did not abuse its discretion.

On the merits, plaintiffs contend that the evidence adduced on the summary judgment motion raised genuine questions of fact concerning defendants' constructive knowledge of the existence of a black ice formation in the parking garage and that Supreme Court accordingly erred in granting the motion. We disagree. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[s'] employees to discover and remedy it [citation omitted]" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see*, *Lyons v

*Cold Brook Cr. Realty Corp.,* 268 AD2d 659, 660). Defendants supported their summary judgment motion with plaintiff's deposition testimony in which she acknowledged that, prior to the accident, she was unable to discern any dangerous condition, and she apparently slipped on a wet surface that she had not noticed. Significantly, plaintiff indicated that she had no idea how the area came to be wet or how long it had been in that condition. Defendants also presented evidence that their employees conducted daily inspections of the premises and noted no icy or otherwise dangerous conditions in the garage. In our view, the evidence presented by defendants satisfied their initial burden on the motion and shifted the burden to plaintiffs to come forward with evidentiary proof sufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In response, plaintiffs submitted the affidavit of a civil engineer who inspected the premises nearly three years following plaintiff's accident and, based on that inspection, stated the opinion that poor maintenance of drainage devices "could [have] led to the pooling of water," which presumably then froze at the base of the ramp. Significantly, plaintiff testified that she was injured while walking down the ramp's incline and not at its base. In any event, in the absence of any evidence that the condition observed by the engineer existed at the time of the accident, his opinion was properly rejected as speculative, remote and lacking an adequate factual foundation (*see, Samuel v Aroneau,* 270 AD2d 474, *lv denied* 95 NY2d 761; *Morrison v Flintosh,* 163 AD2d 646, 647-648).

In the absence of any competent evidence that defendants had either actual or constructive notice of the dangerous condition giving rise to plaintiff's injuries, Supreme Court did not err in dismissing the complaint. Plaintiffs' additional contentions, including the claim that defendants affirmatively created the dangerous condition, have been considered and found to be unavailing.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.