■ JEROME M. WIMBUSH, Respondent, v CITY OF ALBANY, Defendant, and ALBANY HOUSING AUTHORITY, Appellant. [727 NYS2d 745] —Spain, J. Appeal from an order of the Supreme Court (McNamara, J.), entered November 6, 2000 in Albany County, which denied a motion by defendant Albany Housing Authority for summary judgment dismissing the complaint against it.

Plaintiff commenced this action seeking damages for injuries to his wrist allegedly sustained when he slipped and fell on an ice patch on a sidewalk owned and maintained by defendants. Specifically, plaintiff alleged that at approximately 12:30 A.M. on February 8, 1998, after descending the steps from a residence on Bassett Street in the City of Albany, he stepped onto the sidewalk and his right foot slipped on what he characterized as broken, bumpy patches of ice. Defendant Albany Housing Authority (hereinafter defendant) moved for summary judgment dismissing the complaint against it on the ground, *inter alia*, that plaintiff failed to establish that it had notice of or created the alleged condition. Supreme Court denied the motion and, on defendant's appeal, we now reverse.

We are guided by the principle that, "[t]o impose liability for a slip and fall upon a landowner, there must be evidence that the defendant knew or, in the exercise of reasonable care, should have known that icy conditions existed and nonetheless failed to exercise due care to correct the situation within 'a reasonable time after the cessation of the storm or temperature fluctuations which created [the] dangerous condition'" (*Polgar v Syracuse Univ.*, 255 AD2d 780, quoting *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557). Indeed, "[c]onstructive notice requires a showing that the condition was visible and apparent

and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964), and a general awareness that snow or ice might accumulate is insufficient (*see, Chapman v Pounds*, 268 AD2d 769, 770-771).

Here, in support of its motion, defendant submitted the affidavit of the building manager responsible for maintaining the subject sidewalk stating that he inspects the sidewalk for snow and ice conditions on a daily basis and, when he finds an ice condition, he reports it to the maintenance department and a work order is generated for its removal. He further stated that he inspected the sidewalk on February 6, 1998 and did not recall seeing any ice. Significantly, he stated that he did not contact the maintenance department after that inspection and no work order was generated, nor did he receive any complaints about ice accumulation during the relevant period. Further, it is undisputed that no precipitation fell during the three days preceding the accident. We conclude that, upon this evidence, defendant met its initial burden of establishing as a matter of law that it lacked actual or constructive notice of the alleged icy condition (*see, e.g., Wright v Rite-Aid of NY*, 249 AD2d 931).

We also agree with defendant that the affidavit of plaintiff's meteorological expert opining that freeze/thaw cycles in the days prior to the accident could have caused the ice patch is too speculative to raise an issue of fact as to whether defendant had constructive notice here (*see, Borden v Wilmorite, Inc.*, 271 AD2d 864, 866, *lv denied* 95 NY2d 767; *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557, *supra*; *Joines v Karika*, 184 AD2d 945, 946; *cf., Pacelli v Pinsley*, 267 AD2d 706, 707). Plaintiff's deposition testimony that he slipped on a patch of bumpy, broken ice which he failed to see at any point before he fell—including on his way into the building earlier that evening—is insufficient to raise an issue of fact as to whether a visible condition existed for a sufficient period of time to put defendant on constructive notice (*see, Borden v Wilmorite, Inc.*, *supra*, at 866; *Chapman v Pounds*, 268 AD2d 769, 770, *supra*; *Smith v State of New York*, 260 AD2d 819, 820-821; *cf., Pacelli v Pinsley*, *supra*, at 707-708; *Polgar v Syracuse Univ.*, 255 AD2d 780, *supra*; *Boyko v Limowski*, 223 AD2d 962, *supra*).

Mercure, Peters and Carpinello, JJ., concur.

Cardona, P. J. (dissenting). I respectfully dissent. In my opinion, the evidence submitted by defendant Albany Housing Authority (hereinafter defendant) was insufficient to meet its initial burden on this motion for summary judgment (*see*, CPLR 3212 [b]). Specifically, the affidavit of the building manager

responsible for maintaining the sidewalk where the accident occurred does not adequately set forth the condition of the sidewalk closer to the time of this occurrence. Notably, although the building manager affirmatively states that he inspected this area daily and describes what he observed on February 6, 1998, he does not mention what conditions, if any, he observed on February 7, 1998, despite the fact that plaintiff's accident occurred in the early morning hours of February 8, 1998. If, in fact, the building manager did not inspect the walkway on February 7, 1998 in accordance with the standard practice described in his affidavit, no explanation for the deviation is given. Furthermore, with respect to the building manager's February 6, 1998 affidavit, he does not give the approximate time of day his inspection occurred and states only that he does not recall observing an "accumulation of ice." He does not indicate whether, *inter alia*, any water from melting or patches of ice was observed. Given these deficiencies, defendant "has not established a prima facie entitlement to judgment" (*Howard v J.A.J. Realty Enters.*, 283 AD2d 854, 856). Therefore, I would not dismiss the complaint against defendant as a matter of law. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant Albany Housing Authority, and complaint dismissed against said defendant.