■ ALOIS L. ORR, Appellant, v ARTHUR C. SPRING et al., Respondents. [732 NYS2d 697] —Cardona, P. J. Appeal from an order of the Supreme Court (Sise, J.), entered October 25, 2000 in Fulton County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

On December 16, 1994, plaintiff was injured when she slipped and fell during daytime working hours in a parking lot located in the City of Johnstown, Fulton County, which was owned by defendants Arthur C. Spring and Wendy Spring and was adjacent to a building owned by defendant Robert A. Gould. The Springs and Gould owned commercial buildings in the area and the accident occurred in a parking lot behind the businesses. Plaintiff stated that, although it was a clear day at the time of the accident, there had apparently been a recent snowfall and she noticed "spots" or "patches" of ice on the ground. She commenced this personal injury action in December 1997 alleging that the Springs were negligent by failing to keep the premises clear of snow and ice. Plaintiff also alleged that the negligent design and construction of the roof of Gould's building caused "run-off" which contributed to the formation of the icy conditions in the parking lot. Following joinder of issue and discovery, the Springs and Gould separately moved for, *inter alia*, summary judgment dismissing the complaint. Supreme Court granted the motions and plaintiff appeals.

Turning first to the Springs' motion, it is well settled that, "[t]o impose liability for a slip and fall upon a landowner, there must be evidence that the defendant knew or, in the exercise of reasonable care, should have known that icy conditions existed and nonetheless failed to exercise due care to correct the situation within 'a reasonable time after the cessation of the storm or temperature fluctuations which created [the] dangerous

condition' " (*Polgar v Syracuse Univ.*, 255 AD2d 780, quoting *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557; *see, Wimbush v City of Albany*, 285 AD2d 706). To satisfy their burden on a summary judgment motion, it was incumbent upon the Springs to establish that they maintained their parking lot in a reasonably safe condition and did not have actual or constructive notice of a dangerous condition or did not affirmatively create it (*see, Dong v Cazenovia Coll.*, 263 AD2d 606, 607). Significantly, "a general awareness that snow or ice might accumulate is insufficient" to constitute constructive notice for this purpose (*Wimbush v City of Albany, supra*, at 707; *see, Chapman v Pounds*, 268 AD2d 769).

Here, while the examination before trial depositions of the Springs do indicate an awareness that their back parking lot could become "icy" in bad weather, Wendy Spring testified that she operated a business from the property and arranged to have the back parking lot plowed and sanded on a regular basis when winter weather conditions made it necessary. In addition, she testified that she was very vigilant and inspected the parking lot at least twice daily, Monday through Saturday, once in the morning and again around 2:00 P.M. She and her staff would spread salt on the ground when necessary. The Springs also testified that they received no complaints about icy conditions in the parking lot during the relevant period.

Under the circumstances, we find the record evidence adequate to show an absence of actual or constructive knowledge of the icy conditions on the part of the Springs sufficient to meet their initial burden on their summary judgment motion (*see*, CPLR 3212 [b]).* The burden then shifted to plaintiff to raise a triable issue of fact (*see, id.*). In her deposition testimony, plaintiff admits that she had traversed the parking lot many times in all weather conditions and did not remember ever making a complaint or having a problem with snow or ice in that parking lot. Plaintiff also conceded that the lot looked as if it had been plowed. Given the lack of proof that "a visible condition existed for a sufficient period of time to put [the Springs] on constructive notice" (*Wimbush v City of Albany, supra*, at 707), Supreme Court properly granted the Springs' motion for summary judgment.

---

* We note that plaintiff disputes the reliability of a supporting affidavit submitted by the Springs from a meteorological expert who opined that frozen condensation from a heavy fog that day could have caused icy conditions just prior to the accident. Our review indicates, however, that even if this affidavit is discounted as unduly speculative, the record is sufficient to find that the Springs satisfied their initial burden on the motion.

We also conclude that Supreme Court properly granted Gould's motion for summary judgment. Liability for an injury caused by a dangerous condition is " 'generally predicated upon ownership, occupancy, control or special use of the property' * * *. An exception to this rule exists where the owner of the abutting property created or contributed to the dangerous condition" (*Hennessy v Palmer Video*, 237 AD2d 571, 571-572, quoting *Minott v City of New York*, 230 AD2d 719, 720 [citations omitted]). It is undisputed that Gould did not own the parking lot. In support of her argument that the negligent design of Gould's building created or contributed to the dangerous condition in the parking lot, plaintiff submitted an expert affidavit asserting that the design of the building "unnecessarily diverted water toward the parking lot" and that this diversion of water "contributed to the icy and slippery conditions that existed in the parking lot at the time of the accident." Inasmuch as no objective evidence was offered in support of these conclusions or that the conditions existed at the time of this accident, the "opinion was properly rejected as speculative, remote and lacking an adequate factual foundation" (*La Duke v Albany Motel Enters.*, 282 AD2d 974, 975). Given the absence of nonspeculative proof that the alleged dangerous icy condition was the result of water run-off from Gould's building, plaintiff failed to raise a triable issue of fact sufficient to defeat the motion (*see, Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 661).

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.