■ Doris Smith et al., Respondents, v David M. Smith, as Executor of Hilda Smith, Deceased, Appellant. [735 NYS2d 630] —Spain, J. Appeals (1) from an order of the Supreme Court (Best, J.), entered October 3, 2000 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint, and (2) from a judgment of said court, entered December 13, 2000 in Fulton County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this negligence action to recover for injuries allegedly sustained when plaintiff Doris Smith (hereinafter plaintiff) slipped and fell on what plaintiff described as "black ice" in the driveway of premises owned by Hilda Smith (hereinafter decedent) in the City of Johnstown, Fulton County. Following discovery, defendant moved for summary judgment on the ground that decedent lacked notice of a dangerous condition. Supreme Court denied the motion and a subsequent

jury trial resulted in a verdict and damage award in plaintiffs' favor. Defendant appeals.*

Viewing the evidence, as we must, in the light most favorable to plaintiffs (*see, Boyce v Vazquez*, 249 AD2d 724, 726) and cognizant that it was defendant's burden, as the proponent of the motion for summary judgment, to present sufficient evidence in admissible form to demonstrate the absence of any material issues of fact (*see, Ayotte v Gervasio*, 81 NY2d 1062, 1062), we nevertheless conclude that defendant's motion for summary judgment should have been granted and, therefore, reverse the judgment in plaintiffs' favor.

Under the circumstances presented here, plaintiffs were "required to demonstrate that [decedent] had either actual or constructive notice of the icy condition" (*Boyko v Limowski*, 223 AD2d 962, 963-964) and failed to remedy the condition within a reasonable time after the storm or temperature change which caused the condition (*see, Wimbush v City of Albany*, 285 AD2d 706, 706-707; *Polgar v Syracuse Univ.*, 255 AD2d 780, 780; *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557). Defendant submitted uncontroverted evidence that none of the occupants of decedent's household on the day of the accident had actual notice of the icy condition. In addition, defendant, in support of the motion, submitted the deposition of both plaintiff and her husband indicating that their own driveway had no snow or ice which required shoveling or sanding on the morning of the accident, that none was visible on the roads along the way to decedent's house or on decedent's driveway and that they did not notice the patch of black ice, which they claimed caused the accident, until after plaintiff fell. In our view, this evidence satisfied defendant's initial burden of demonstrating lack of notice and shifted the burden to plaintiffs to come forward with evidentiary proof sufficient to raise a triable issue of fact (*see, La Duke v Albany Motel Enters.*, 282 AD2d 974, 974-975; *Wimbush v City of Albany*, supra, at 707).

In this regard "[c]onstructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit [a defen-

---

* Defendant appeals both from the judgment on the verdict and Supreme Court's order denying the motion for summary judgment. Although no appeal lies from the order denying the motion for summary judgment where, as here, a final judgment has been entered (*see, Pixel Intl. Network v State of New York*, 255 AD2d 666, 666), the issue of whether the court properly denied that motion is reviewable in the context of the appeal from the final judgment (*see,* CPLR 5501 [a] [1]; *Doe v Community Health Plan-Kaiser Corp.*, 268 AD2d 183, 185-186).

dant] to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964, *supra*). In opposition to the motion for summary judgment, plaintiffs submitted only the affidavit of their attorney and now rely exclusively on decedent's admissions that, on the day of the accident, she knew early in the morning that it was snowing and that plaintiff would be visiting her later in the day. Inasmuch as a general awareness that snow or ice might accumulate is not sufficient, standing alone, to constitute notice of a particular condition, we find these admissions insufficient to raise a triable issue of fact on the issue of notice (*see, Wimbush v City of Albany, supra,* at 707; *Chapman v Pounds*, 268 AD2d 769, 770-771). Given the lack of evidence—submitted in opposition—that the hazard was visible and apparent at any time, let alone for a sufficient period of time to allow decedent to discover and rectify the condition, defendant's motion should have been granted (*see, La Duke v Albany Motel Enters., supra,* at 975; *Golonka v Saratoga Teen & Recreation of Saratoga Springs*, 249 AD2d 854, 856; *Decker v Smith*, 217 AD2d 776, 777; *cf., Boyko v Limowski, supra*).

In light of our conclusion, it is unnecessary to consider defendant's remaining contentions.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the appeal from the order is dismissed. Ordered that the judgment is reversed, on the law, with costs, defendant's motion for summary judgment granted and complaint dismissed.