■ DARCY McCOMBS, Respondent, v RELATED MANAGEMENT COMPANY, L.P., Appellant. [736 NYS2d 166] —Cardona, P.J. Appeal from an order of the Supreme Court (Kane, J.), entered April 23, 2001 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for injuries she sustained when she slipped and fell on a thin patch of ice on a sidewalk in defendant's apartment complex on March 11, 1999, at approximately 1:00 P.M. Defendant's resident maintenance superintendent described the patch as being approximately one square foot in size and located approximately one foot in front of the steps leading to the apartment that plaintiff was attempting to enter. Plaintiff indicated that the patch was smooth with no evidence of salt or sand. It is undisputed that the weather was dry and clear on that day, the sidewalks in the area were generally clean, there had been no storms for several days prior to her fall and plaintiff saw no ice when she used the sidewalk two days earlier. Plaintiff called her daughter after her fall and, in her affidavit, the daughter stated that she "observed that there was snow on the roof immediately above the area of the ice and that the snow was melting and dripping off the roof onto the area where the ice had formed." Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal ensued.

A landowner's liability for a slip and fall is premised upon proof that the landowner knew, or in the exercise of reasonable care, should have known that a dangerous condition existed but, nevertheless, failed to remedy the situation within a reasonable time period (see, Orr v Spring, 288 AD2d 663). Since defendant did not have actual notice of the icy condition, defendant's liability is dependent only upon constructive notice and it was its initial burden herein to demonstrate, as a matter of law, that it did not have said notice (see, Dong v Cazenovia Coll., 263 AD2d 606). Here, defendant failed to pres-

ent evidence sufficient to establish a prima facie entitlement to judgment such, as for example, proof that defendant's employees inspected or maintained the sidewalk on a daily basis and noted no evidence of an icy condition (*see, e.g., Orr v Spring, supra; Wimbush v City of Albany*, 285 AD2d 706; *La Duke v Albany Motel Enters.*, 282 AD2d 974; *Bernardo v P. & J. Edwards*, 246 AD2d 950). Therefore, upon this record, there is no basis to disturb Supreme Court's denial of defendant's motion.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.