■ PHYLLIS ROBINSON et al., Appellants, v ALBANY HOUSING AUTHORITY, Respondent. [754 NYS2d 450] —Rose, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered February 5, 2002 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Phyllis Robinson (hereinafter plaintiff) when she slipped and fell on an icy walkway owned and maintained by defendant. Plaintiff alleges that at approximately 10:00 A.M. on Sunday, December 17, 1995, she slipped as she stepped onto a section of walkway that appeared to her to be wet, but not icy. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff failed to establish that it had notice of or created the alleged icy condition. Defendant's moving papers included meteorological data indicating that four tenths of an inch of snow had fallen late the previous evening, and that the temperature had risen above freezing and then dropped below freezing after that snowfall. Finding no evidence of how long the icy condition had existed or that it was visible and apparent, Supreme Court granted the motion. Plaintiffs appeal, and we now affirm.

"To impose liability for a slip and fall upon a landowner, there must be evidence that the defendant knew or, in the exercise of reasonable care, should have known that icy conditions existed and nonetheless failed to exercise due care to correct the situation within 'a reasonable time after the cessation of the storm or temperature fluctuations which created [the] dangerous condition'" (*Polgar v Syracuse Univ.*, 255 AD2d 780, 780, quoting *Porcari v S.E.M. Mgt. Corp.*, 184 AD2d 556, 557). In addition, "[c]onstructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964; *see Lewis v Bama Hotel Corp.*, 297 AD2d 422, 423).

Here, in support of its motion, defendant submitted the affidavit of the crew leader responsible for snow and ice removal at plaintiffs' residence stating that, pursuant to emergency work orders issued whenever slippery conditions are discovered, he and his workers cleared snow on the morning of December 15, 1995 and then again soon after plaintiff's fall on the morning of December 17, 1995. He further stated that no work order had been issued on December 16, 1995, that despite his daily inspections, he was not aware of any recurring ice conditions on the walkway where plaintiff fell, and that the maintenance department had no record of any complaints of icy condition on that walkway prior to plaintiff's fall. We conclude that, upon this evidence, defendant met its initial burden of establishing as a matter of law that it lacked actual or constructive notice of the alleged icy condition (*see Lewis v Bama Hotel Corp.*, supra at 423; *Wright v Rite-Aid of NY*, 249 AD2d 931, 931; *Burke v Village of Malone*, 246 AD2d 874, 875).

In opposition, on the issue of notice, plaintiffs submitted only an affidavit of their counsel arguing that the icy condition must have been in existence since the snowfall late the previous evening and that constructive notice should be inferred from the passage of time following that snowfall. However, plaintiffs offered no expert opinion as to whether the ice formed when the snow fell approximately 12 hours earlier or was the later product of a thaw/freeze cycle reflected in the meteorological data. As to whether the icy condition was observable prior to plaintiff's fall, the only evidence in the record is her deposition testimony that she did not think it was ice and it appeared to be water. Thus, plaintiffs failed to raise an issue of fact as to whether the condition was visible, apparent and had existed for a sufficient period of time to permit defendant to discover

and correct it (*see Lewis v Bama Hotel Corp., supra* at 423; *Wimbush v City of Albany*, 285 AD2d 706, 707; *cf. Kozak v Broadway Joe's*, 296 AD2d 683, 685-686). Plaintiffs' alternate allegation that defendant's failure to properly clear a much earlier snowfall created the icy condition is also unavailing, as it is purely speculative (*see Wimbush v City of Albany, supra* at 707). Thus, Supreme Court did not err in finding no basis to impute constructive notice and granting defendant's motion.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.