ELIZABETH EDWARDS et al., Appellants, v DEMATTEIS CORPORATION et al., Respondents. [760 NYS2d 658] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much an order of the Supreme Court, Nassau County (Jonas, J.), dated September 19, 2002, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly slipped and fell on ice outside of a building owned, operated, and maintained by the defendants. A party in control of real property may be held liable for a snow and ice condition on its premises only if the property owner or possessor had actual or constructive notice of the condition, and had a reasonably sufficient time from the cessation of the precipitation to remedy it (*see Brunson v National Amusements,* 292 AD2d 413 [2002]; *Gam v Pomona Professional Condominium,* 291 AD2d 372 [2002]; *DeVivo v Sparago,* 287 AD2d 535 [2001]; *Pepito v City of New York,* 262 AD2d 619 [1999]). A general awareness that ice accumulates is not sufficient to constitute notice of a particular condition (*see Smith v Smith,* 289 AD2d 919 [2001]).

The Supreme Court properly granted the defendants' motion for summary judgment. It is undisputed that the defendants did not have actual notice of the ice condition which allegedly caused the injured plaintiff's fall. In addition, contrary to the plaintiffs' contentions, the record does not support a finding that the defendants had constructive notice of the alleged condition. In any event, the record also establishes that regardless of the notice issue, the defendants did not have sufficient time from the cessation of the precipitation to remedy it (*see Whitt v St. John's Episcopal Hosp.*, 258 AD2d 648 [1999]). Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.