█ ELAINE M. UHLINGER et al., Appellants, v GLOVERSVILLE ENLARGED SCHOOL DISTRICT, Respondent. [796 NYS2d 437]—

Kane, J. Appeal from an order of the Supreme Court (Sise, J.), entered June 30, 2004 in Fulton County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Elaine M. Uhlinger (hereinafter plaintiff), a bus monitor, was injured when she fell on the steps outside one of defendant's schools as she was delivering a student's medication to the school nurse. Plaintiff and her husband, derivatively, commenced this action seeking to recover for plaintiff's personal injuries. Defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment on the issue of liability. Supreme Court denied the cross motion and granted defendant's motion based on the lack of notice of any dangerous condition. Plaintiffs appeal.

Liability for a slip and fall may not be imposed upon a land-

owner unless there is evidence that the landowner knew or, in the exercise of reasonable care, should have known that icy conditions existed, yet failed to correct the situation within a reasonable time (*see Orr v Spring*, 288 AD2d 663, 663 [2001]). This standard merely iterates that a landowner defendant must have constructive notice of the dangerous condition, namely that the condition "was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendant[ ] to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see Robinson v Albany Hous. Auth.*, 301 AD2d 997, 998 [2003]). There was no actual notice here. To prove a lack of constructive notice, defendant offered proof from its custodial crew regarding its regular procedure of snow removal and spreading a salt/sand mixture each winter day on all steps and walkways before students and staff arrive. Defendant does not keep records of the weather conditions or its snow or ice removal actions. None of the custodial crew could specifically remember any such actions taken on the day of plaintiff's fall.

To create questions of fact, plaintiffs submitted affidavits of a bus driver who observed packed ice and snow on the top step and the walkway leading to the steps on which plaintiff fell, with no evidence of salt or sand on those areas. Another witness affirmed that the steps were "coated with ice," again with no evidence of any melting agent. While the freeze/thaw theory expounded by plaintiffs' expert meteorologist was speculative (*see Wimbush v City of Albany*, 285 AD2d 706, 707 [2001]), his meteorological data pointed out that approximately five inches of snow fell over the day or two before plaintiff's fall and no precipitation fell for approximately eight hours prior to her fall. We find these submissions sufficient to create questions of fact regarding whether defendant had constructive notice of the icy conditions and ample time to take corrective action (*see Polgar v Syracuse Univ.*, 255 AD2d 780 [1998]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.