■ PAUL SAUNDERS et al., Respondents, v BRYANT's TOWING et al., Appellants. [812 NYS2d 670]—

Cardona, P.J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 24, 2005 in Ulster County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

At approximately 2:00 A.M. on a cold, clear morning in January 2003, plaintiff Paul Saunders (hereinafter plaintiff) had just completed his shift as a cab driver for Kingston Kabs in the City of Kingston, Ulster County, when he allegedly slipped and fell on an ice patch. According to plaintiff, he parked the taxicab and was walking between parked cars on his way to the office when the accident occurred. The parking lot was leased by his employer from a business called Auto Tow, owned by two brothers, defendants Burton Deitz, Jr. and Darryl Deitz. The Deitzes owned other businesses that operated on the same parcel of land, including defendant Bryant's Towing. As a result of the accident, plaintiff and his wife, derivatively, commenced this negligence action against defendants. Following joinder of issue, defendants unsuccessfully moved for summary judgment dismissing the complaint, prompting this appeal.

Initially, we are unpersuaded by defendants' argument that Bryant's Towing should be dismissed as a defendant at this juncture. " ' "[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy,

control or special use of the property. . . . Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" ' " (*Hennessy v Palmer Video,* 237 AD2d 571, 571 [1997], quoting *Minott v City of New York,* 230 AD2d 719, 720 [1996], quoting *Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957 [1992]; *see Orr v Spring,* 288 AD2d 663, 665 [2001]). Here, while it is true that Burton Deitz testified at one point that Auto Tow was in charge of the winter maintenance of the parking lot, he later qualified that statement by indicating that either he or one of his companies did the plowing and sanding. Inasmuch as Bryant's Towing is one of the companies owned by Burton Deitz and it is unclear from the Deitzes' testimony which company's or companies' employees treated the driveway, defendants failed to establish that Bryant's Towing was not in control of the property at the time of the occurrence and, therefore, summary judgment dismissing it as a defendant was properly denied (*cf. Orr v Spring, supra* at 665).

Next, defendants contend that plaintiffs failed to raise any questions of fact as to whether they had actual or constructive notice of the alleged icy condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]) and, therefore, their motion for summary judgment should have been granted. Here, the Deitz brothers testified that they did not receive any complaints with respect to the parking lot surface before plaintiff's alleged fall and could not recall seeing any ice or snow in that location on the date of the incident. Inasmuch as the record contains no proof to dispute that showing, actual notice is not involved herein and plaintiffs "must proceed upon the theory of constructive notice" (*Boyko v Limowski,* 223 AD2d 962, 964 [1996]).

A claim of constructive notice requires that the condition be visible and apparent and in existence for a sufficient period of time so as to allow the defendant an opportunity to take corrective action (*see Uhlinger v Gloversville Enlarged School Dist.,* 19 AD3d 780, 781 [2005]). In that regard, we conclude that Supreme Court properly found the existence of factual issues sufficient to survive summary judgment. Notably, while it is true that plaintiff did not see the ice patch immediately before he fell, he explained that it was dark and visibility was poor due to the fact that the outdoor light that normally lit up the parking lot was "out." Plaintiff further averred that he recalled seeing ice on defendants' parking lot for over a month before his accident and the "ice that caused [him] to fall was not a fresh accumulation, but rather had been packed down over time."

Given that proof, along with, among other things, the photographs of the parking lot allegedly taken the day after the accident and the meteorological report submitted that indicates a lack of precipitation for the 24-hour period preceding the fall, we find that "defendants' evidence fails to establish as a matter of law that they lacked constructive notice of this condition" (*Boyko v Limowski, supra* at 964).

The remaining arguments raised by defendants have been examined and found to be unpersuasive. With respect to defendants' claim that plaintiffs' counsel should be disqualified because he took the photographs allegedly depicting the accident scene and could potentially become a key evidentiary witness, we find no basis to conclude that Supreme Court abused its discretion in denying defendants' motion at this stage of the litigation without prejudice to be renewed at trial (*see Old Saratoga Sq. Partnership v Compton,* 19 AD3d 823, 824 [2005]; *see also Zutler v Drivershield Corp.,* 15 AD3d 397, 397 [2005]; *Matter of Levinson,* 11 AD3d 826, 827-828 [2004], *lv denied* 4 NY3d 704 [2005]).

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.