■ CHRISTOPHER HOOVER, Appellant, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. GRUBB & ELLIS MANAGEMENT SERVICES, INC., Third-Party Defendant-Appellant. [825 NYS2d 736]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 24, 2004, as granted that branch of the motion of International Business Machines Corporation which was for summary judgment dismissing the complaint insofar as asserted against it, and the third-party defendant appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint and granted that branch of the motion of International Business Machines Corporation

which was for conditional summary judgment on its third-party causes of action for contractual indemnification against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the third-party defendant's motion for summary judgment dismissing the third-party complaint and substituting therefor a provision granting the motion for summary judgment dismissing the third-party complaint as academic except the claims to recover costs, disbursements, and attorney's fees incurred by the third-party plaintiff in defending the action, and (2) by deleting the provision thereof granting that branch of the third-party plaintiff's motion which was for conditional summary judgment on its third-party causes of action against the third-party defendant and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant third-party plaintiff, payable by the plaintiff.

The defendant and third-party plaintiff, International Business Machines Corporation (hereinafter IBM) established its entitlement to judgment as a matter of law by tendering evidence that it had no constructive notice of the allegedly snowy and icy condition of the post indicator valve (hereinafter PIV) area of the subject premises where the plaintiff allegedly slipped. The condition of the PIV area was not visible and apparent as it was located at the bottom of a small stairwell, surrounded by 10- to 12-foot high walls, and behind a locked door for which only the plaintiff's employer, the third-party defendant Grubb & Ellis Management Services, Inc. (hereinafter GEMS), had keys. Under the circumstances, IBM established, prima facie, that it had no constructive notice of the allegedly hazardous condition in the area where the accident occurred (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*id.* at 838; *see Edwards v DeMatteis Corp.,* 306 AD2d 309 [2003]; *Smith v Smith,* 289 AD2d 919 [2001]).

In light of the dismissal of the main action insofar as asserted against IBM, the third-party complaint, save for claims by IBM to recover the costs, disbursements, and attorney's fees incurred by it in defending the action, should have been dismissed as academic (*see Cardozo v Mayflower Ctr., Inc.,* 16 AD3d 536 [2005]). In addition, IBM's third-party causes of action for contractual indemnification against GEMS have been rendered academic. Adams, J.P., Mastro, Fisher and Covello, JJ., concur.