■ MARY PAOLUCCI et al., Respondents, v WOOD GATE HOME-OWNERS ASSOCIATION, INC., et al., Appellants, et al., Defendants.
[656 NYS2d 550] —Mikoll, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered March 27, 1996 in Albany County, which, *inter alia*, denied a cross motion by defendants Wood Gate Homeowners Association, Inc. and Diamond View Realty, Inc. for summary judgment dismissing the complaint against them.

Plaintiff Mary Paolucci (hereinafter plaintiff), an adult newspaper carrier, sustained an injury at approximately 6:00 A.M. on January 16, 1991 when she fell on a sidewalk leading to the door of a condominium unit at No. 5 Willow Drive in the Town of Bethlehem, Albany County. She was attempting to deliver a paper to that address which was part of the "Woodgate Condominium I" complex owned and operated by defendant Wood Gate Homeowners Association, Inc. (hereinafter Wood Gate). Defendant Diamond View Realty, Inc. (hereinafter Diamond) was Wood Gate's managing agent.

In their complaint commencing the instant action, plaintiff and her husband allege, *inter alia*, that Wood Gate and Diamond were negligent in permitting a dangerous condition to exist on the premises and that the negligent care of the premises caused plaintiff's injury resulting in her damages and his derivative loss. Plaintiff testified at her examination before trial that it was still dark outside when she "caught an icy spot on the walkway and * * * fell". She described the walkway as narrow with snow piled on the side and stated that she "didn't really look" to find the cause of her slipping and

falling, but then stated, "The ice, it was slippery." Plaintiff further testified that she could not recall the last time it had snowed before the accident and that there was no precipitation at the time of the accident.

Plaintiff, who was seven months pregnant at the time, could not feel her leg after her fall and yelled for help because she could not get up to walk. Keith Roland, who resides at No. 5 Willow Drive, related that he was awakened by her calls for assistance at about 6:30 A.M., went to assist plaintiff and then called for an ambulance which arrived in about 20 minutes. Roland, when asked if he observed any ice, testified that he did not recall "patches of ice that you would identify as ice. There may have been a glazing in a spot or two, that's all I recall." Roland described the condition of the sidewalk as "very good". Defendants submitted photographs taken shortly after the accident supporting the claim. Weather reports indicate that there was no precipitation recorded at the Albany County Airport during the three days prior to the accident and that on January 15, 1991 the high temperature was 43 degrees with a low of 20 degrees. The temperature on that day was 42 degrees at 4:00 P.M., 30 degrees at 7:00 P.M. and 24 degrees at 10:00 P.M.

Defendant Mark Van Gelder testified that he did business as Van Gelder Landscape Contractors and had a contract with Diamond to remove the snow from the walkway when there was greater than two inches of snowfall. Van Gelder said that the precipitation was "slight" and "minimal" and that upon driving through Wood Gate that morning he observed that the roads were "moist".

Van Gelder moved for, *inter alia*, summary judgment. Wood Gate and Diamond cross-moved for like relief. Plaintiffs opposed the motions and submitted the unsworn statements of two rescue workers indicating that they saw patches of ice on the sidewalk and a thin layer of ice where plaintiff slipped. One of the rescue workers stated that he did not see any sand or salt in use at the time.

Supreme Court dismissed the action against Van Gelder after finding that he owed no duty to plaintiff, but denied the cross motions of Wood Gate and Diamond (hereinafter collectively referred to as defendants), holding that it was up to a jury to determine if defendants had reasonable opportunity to discover an existing icy condition and correct it. Defendants appeal.

Defendants' contention that they may not be held liable for failing to correct an icy condition created by a recent temperature fluctuation of which they did not have notice or a reason-

able opportunity to correct is meritorious. The order of Supreme Court denying defendants' cross motion for summary judgment dismissing the complaint against them should be reversed, the cross motion granted and the complaint dismissed against Wood Gate and Diamond.

Plaintiffs did not meet their burden of establishing that defendants had actual or constructive knowledge of the hazardous condition and reasonable time to correct the condition (*see, Boyko v Limowski*, 223 AD2d 962, 963-964). "Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action" (*id.*, at 964).

The temperature recorded at 7:00 P.M. on January 15, 1991 indicates that the temperature dropped below freezing after a thaw and pictures show that there were piles of snow along the sidewalk. The pictures and the testimony of both Roland and plaintiff establish that there was no visible dangerous condition on the sidewalk at the time of the accident. Although Van Gelder drove through the complex at some point in the morning, it was still dark and there was no showing that he had a reasonable opportunity to correct any such dangerous condition, if one existed, prior to the accident.

The evidence presented is speculative and insufficient to raise a triable issue of fact as to notice or constructive notice. Upon all the credible proof submitted, defendants have established as a matter of law their entitlement to judgment dismissing the complaint (*see, Jornov v Ace Suzuki Sales & Serv.*, 232 AD2d 855, 857; *see also, Gernard v Agosti*, 228 AD2d 994, 995).

Supreme Court's reliance on *Boyko v Limowski* (223 AD2d 962, *supra*) is misplaced. There the plaintiff's proof was found sufficient to establish that the icy condition had visibly existed on the defendant's property for some three hours between 7:00 A.M. and 10:30 A.M. before the accident on January 24, 1992 and that freezing rain had fallen from a prior storm on January 23, 1992.

We find it unnecessary to reach the issue that Supreme Court improperly received into evidence unsworn statements of rescue personnel.

Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion granted, summary judgment awarded to defendants Wood Gate Homeowners Association, Inc. and Diamond View Realty, Inc. and complaint dismissed against them.