■ THOMAS E. HEDRICK, Appellant, v GENESEE MANAGEMENT, INC., Doing Business as MOHAWK MALL, et al., Respondents. [668 NYS2d 276] —Peters, J. Appeal from an order of the Supreme Court (Caruso, J.), entered February 13, 1997 in Schenectady County, which granted defendants' motions for summary judgment dismissing the complaint and cross claims.

Plaintiff claims that on June 11, 1991, between 4:30 P.M. and 5:00 P.M., he sustained personal injuries as a result of a fall on a mixture of grease and water on the floor of a service hallway in the course of his delivery to Chess King, Inc. located in Mohawk Mall in the Town of Niskayuna, Schenectady County. Prior to falling, plaintiff stated that he had not observed any wet condition on the floor and only noticed, upon further investigation, water accumulated in the area where he fell as well as puddles throughout the corridor. He further explained that it felt "greasy" when he touched it. Plaintiff explained that he completed his delivery, called his supervisor and then returned to his terminal.

During pretrial discovery, plaintiff stated that he had "[n]o

idea" what caused the condition yet later indicated that he had spoken with other drivers who regularly serviced that route who had told him that the hallway was always greasy, wet and slippery. After extensive discovery, defendants individually moved between December 12, 1996 and January 8, 1997 for summary judgment. Defendants' proffer* consisted of numerous cross-referenced deposition transcripts. Alice Finch, the manager of defendant Friendly Restaurant, Inc., detailed that she regularly entered the mall through the same service corridor used by plaintiff and traveled the corridor at least four times daily while at work. Prior to this incident, she had never noticed any grease or standing water on the corridor floor or any other condition which would account for plaintiff's injury. She further testified that the mall maintenance staff was responsible for washing the corridor floors except when an incident was caused by Friendly's employees. Finally, she testified that Friendly disposed of its cooking grease by periodically pouring it into a 55-gallon drum stored at the rear of the restaurant which was wholly removed every two weeks by a separate carting company. In so doing, she explained that they either rolled the drum out or removed it with a hand cart and replaced it with a fresh container. She reported no incidents where the drums leaked as they were being removed or transported through the corridor.

The affidavit of Tracy Harbison, sales leader at Chess King in June 1991, stated that she entered and exited the store by the service corridor at issue here. Additionally, she indicated that she never saw any standing water in the corridor prior to June 1991, that the area was brightly lit and that no complaints were ever received from any other employee or delivery person indicating the existence of a hazardous condition in the corridor.

The affidavit of David Lankford, vice-president of defendant Genesee Management, Inc., explained that Genesee had a property management contract with the mall whereby it provided, *inter alia*, maintenance and repair. He indicated that the maintenance staff was responsible for maintaining the mall service corridors which were deemed common areas for numerous mall tenants. Marie Mercoglan, general manager of the mall and

* Defendant Friendly Restaurant, Inc. submitted the deposition transcripts of David Lankford, plaintiff and Alice Finch while Chess King submitted the pleadings of all the above as well as the transcripts from the depositions of Tracy Harbison and Marie Mercoglan. Defendant Genesee Management, Inc. submitted, *inter alia*, the transcript from not only plaintiff but also the Mercoglan deposition as well as an affidavit from Phillip Falconer, a certified consulting meteorologist, regarding the weather of June 11, 1991.

employed by Genesee, explained that her office had no record of any incident report filed by plaintiff and that, during the course of her work, she made daily inspections of all common areas, including this service corridor. If any area needed attention, she would note it in a log book and notify maintenance. Mercoglan testified that her personal inspections occurred at least once a day at approximately 10:00 A.M. which included walking through the common areas. Upon her review of all records, she found no reports concerning any problems or hazardous condition of the subject corridor on June 11, 1991, other than a notation that there was a power outage due to a severe thunderstorm occurring late that day. Finally, Mercoglan stated that she never received any reports that Friendly's had created a slippery condition in that corridor.

In opposition, plaintiff stated for the first time, over 4½ years after the incident and seven months after the filing of the note of issue, that his fall did not occur on June 11, 1991 as he had consistently claimed but on June 12, 1991. He now stated that he arrived at the mall at approximately 4:30 P.M., observed the surrounding areas to be dry notwithstanding the earlier thunderstorm that day occurring between 12:30 P.M. and 1:00 P.M., and reiterated the circumstances of his fall.

Upon this showing, Supreme Court determined that plaintiff failed to establish that defendants created the allegedly hazardous condition or had notice thereof. Granting all motions for summary judgment, plaintiff appeals.

Since defendants proffered the requisite prima facie showing of entitlement to judgment as matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851), the burden shifted to plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact (*see, Wahila v Kerr*, 204 AD2d 935). Upon our review, we find that Supreme Court properly concluded that plaintiff failed to establish the existence of a question of fact as to whether these defendants created the condition or had notice thereof, actual or constructive (*see, Paolucci v Wood Gate Homeowners Assn.*, 238 AD2d 855; *Stoerzinger v Big V Supermarkets*, 188 AD2d 790). Noticeably absent were any supporting affidavits by any drivers who allegedly told plaintiff that this corridor was consistently wet and slippery. Moreover, depending upon the document reviewed, plaintiff claimed differing causes at differing times. Plaintiff further failed to show how the allegedly hazardous condition was created or how long it had existed prior to his fall (*see, Paolucci v Wood Gate Homeowners Assn., supra; Collins v Grand Union Co.*, 201 AD2d 852). The theory prof-

fered that the thunderstorm so created this condition which had remained for a sufficient length of time was no more than conclusory speculation, not supported by evidentiary proof (*see*, *Henness v Lusins*, 229 AD2d 873). In so finding, we need not address the issue as to whether plaintiff should be permitted to amend his pleadings at this late juncture.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.