■■■ SUZAN MANCINI, Appellant, v QUALITY MARKETS, INC., Respondent. [684 NYS2d 391] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff commenced this action seeking damages for personal injuries she sustained when she allegedly slipped and fell on grapes that were on the floor in the produce aisle of defendant supermarket. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Although plaintiff will bear the burden at trial of proving that defendant had actual or constructive notice of the dangerous condition, on a motion for summary judgment defendant bears the burden of establishing lack of notice as a matter of law (*see, Notaro v Buffalo Waterfront Rest. Corp.*, 239 AD2d 963; *Gordon v Waldbaum, Inc.*, 231 AD2d 673). The affidavit of the store manager and the deposition testimony of the front end manager are not sufficient to sustain defendant's burden. Neither was able to state when the area had last been

inspected, or which employee was responsible for inspection or clean up in the produce area. Plaintiff's accident occurred after 9:30 P.M., and both witnesses indicated that the produce manager, who is responsible for the produce area, left at 5:00 P.M. at the latest. Although both witnesses indicated that the store had a policy of having one of the managers perform a visual inspection of the entire store every hour, no documentation was provided to establish that the policy was followed on the day of plaintiff's accident, nor could either witness recall having performed such inspections. Consequently, defendant failed to establish that the grapes had not been on the floor for a sufficient length of time to permit an employee to discover and remedy the condition (*see, Negri v Stop & Shop,* 65 NY2d 625, 626; *Van Steenburg v Great Atl. & Pac. Tea Co.,* 235 AD2d 1001; *cf., Van Winkle v Price Chopper Operating Co.,* 239 AD2d 692; *McClarren v Price Chopper Supermarkets,* 226 AD2d 982, 982-983, *lv denied* 88 NY2d 811). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.