■ NANCY JOYES, Appellant, v BUFFALO WATERFRONT RESTAURANT CORPORATION (a Subsidiary of SPECIALTY RESTAURANTS CORPORATION), Respondent, et al., Defendant. [691 NYS2d 835] —Order unanimously reversed on the law with costs, motion denied and complaint against defendant Buffalo Waterfront Restaurant Corporation reinstated. Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she allegedly slipped on a wet spot at a restaurant owned by Buffalo Waterfront Restaurant Corporation (defendant). Supreme Court erred in granting the motion of defendant for summary judgment dismissing the complaint against it on the ground that defendant neither created the alleged dangerous condition nor had notice of it. Defendant's proof that the floor did not appear wet after the incident was contradicted by plaintiff's deposition testimony. Even assuming, arguendo, that a dangerous condition existed, we conclude that defendant failed to present any proof in support of its motion that it neither created the dangerous condition nor had notice of it (*see, Beltran v Metropolitan Life Ins. Co.,* 259 AD2d 456; *Ostuni v East Rockaway Vil. Tavern,* 238 AD2d 558). The failure of defendant to meet its initial burden "requires a denial

of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). (Appeal from Order of Supreme Court, Erie County, LaMendola, J.— Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.