■ Duane L. Cooper, Respondent, v Carmike Cinemas, Inc., Appellant. [837 NYS2d 472]—

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered October 18, 2006 in a personal injury action. The order denied defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he stepped on a nail while he was a patron at defendant's movie theater. His right foot subsequently became infected and had to be amputated. Plaintiff alleged in the complaint that defendant, inter alia, failed to remove debris from the theater, which is kept dark during

operating hours in order to accommodate the showing of films. We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint, although our reasoning differs from that of the court. In denying the motion, the court determined that plaintiff "is entitled to proceed in this case" on the doctrine of res ipsa loquitur. That was error, inasmuch as, under the facts of this case, it cannot be said that the injury was necessarily " 'caused by an agency or instrumentality within the exclusive control of the defendant,' " which is a necessary element of the doctrine (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Indeed, the record reflected that plaintiff could have come into contact with the nail outside the theater, or the nail could have been brought into the theater by any of defendant's patrons prior to plaintiff's accident.

We conclude, however, that defendant failed to establish its entitlement to summary judgment dismissing the complaint. Defendant failed to meet its burden of establishing as a matter of law that it did not create the dangerous condition (*see Notaro v Buffalo Waterfront Rest. Corp.*, 239 AD2d 963 [1997]), nor did it establish that it lacked actual or constructive notice of the dangerous condition (*see Mancini v Quality Mkts.*, 256 AD2d 1177 [1998]; *Notaro*, 239 AD2d 963 [1997]; *Gordon v Waldbaum, Inc.*, 231 AD2d 673 [1996]). We note in particular with respect to notice that, in support of its motion, defendant submitted the deposition testimony of several of its former employees, none of whom had any personal recollection of the manner in which defendant's theaters were cleaned or the frequency of the cleaning at or near the time of the incident. Defendant submitted no evidence that the theater had been cleaned and inspected during a period of time that was close to the time of plaintiff's injury. Thus, "defendant failed to establish that the [nail] had not been on the floor for a sufficient length of time to permit an employee to discover and remedy the condition" (*Mancini*, 256 AD2d at 1178; *see also Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001 [1997]). Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.