██ Christina Hyna, Respondent, v John Reese, Appellant. [859 NYS2d 814]—

Appeal from an order of the Supreme Court, Erie County

(Patrick H. NeMoyer, J.), entered August 23, 2007 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly slipped and fell on ice on defendant's driveway. Plaintiff had parked her vehicle in the driveway behind defendant's vehicle and was returning to her vehicle when she fell.

Supreme Court erred in denying defendant's motion seeking summary judgment dismissing the complaint. We note at the outset that plaintiff on appeal does not contest the court's determination that she did not allege that defendant created the allegedly dangerous condition, nor does she contest the court's determination that there was no proof that defendant had actual notice of the allegedly dangerous condition. Plaintiff thus is deemed to have abandoned any issues with respect thereto (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]), and the only issue before us is whether the court erred in denying the motion based on its determination that there is an issue of fact whether defendant had constructive notice of the allegedly dangerous condition. We conclude that defendant met his burden of establishing as a matter of law that he lacked constructive notice of the allegedly dangerous condition and thus that the court erred in denying his motion.

In support of his motion, defendant submitted his own deposition testimony wherein he stated that he observed the condition of the driveway after plaintiff arrived at his home but before she fell, and that he saw no ice or snow on the driveway (*see Oved v Tauber*, 8 AD3d 149 [2004]; *see also Dwulit v Walters*, 19 AD3d 535, 536 [2005]; *cf. Conklin v Ulm*, 41 AD3d 1290, 1291 [2007]). Defendant also submitted the deposition testimony of plaintiff wherein she stated that she did not notice any ice on the driveway either while walking to defendant's house or after she fell and that she did not really know what caused her to fall (*see Gilbert v Evangelical Lutheran Church in Am.*, 43 AD3d 1287, 1288 [2007], *lv denied* 9 NY3d 815 [2007]; *Wilson v Prazza*, 306 AD2d 466, 467 [2003]; *Barnes v Di Benedetto*, 294 AD2d 655, 657 [2002]; *Paolucci v Wood Gate Homeowners Assn.*, 238 AD2d 855, 855-856 [1997]). The further deposition testimony of plaintiff that "[t]here was ice . . . but [that she was] not sure how much or where," and the statement in her opposing affidavit that there was "patchy ice on the driveway," which

contradicts her prior deposition testimony that she did not notice any ice on the driveway (*see generally Richter v Collier*, 5 AD3d 1003, 1004 [2004]), are insufficient to raise an issue of fact whether defendant had constructive notice of the allegedly dangerous condition (*see Paolucci*, 238 AD2d at 857). Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.