■ SHIRLEY JOHNSON et al., Respondents, v PANERA, LLC, Appellant. [873 NYS2d 828]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered July 1, 2008 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant either created or had actual notice of the allegedly dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Shirley Johnson (plaintiff) when she slipped and fell on a slippery substance near the beverage bar in defendant's restaurant. We conclude that Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant either created or had actual notice of the allegedly dangerous condition, and we therefore modify the order accordingly. We further conclude, however, that the court properly denied defendant's motion to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant had constructive notice of the allegedly dangerous condition. Although defendant submitted evidence establishing that, according to its general policy, the manager on duty and an associate were to inspect the floor near the beverage bar at least every 15 minutes, defendant failed to submit evidence establishing that the general policy was followed on the day of plaintiff's accident. Thus, defendant failed to meet its initial burden of establishing "that the [slippery substance] had not been on the floor for a sufficient length

of time to permit an employee to discover and remedy the condition" (*Mancini v Quality Mkts.*, 256 AD2d 1177, 1178 [1998]; *see Cooper v Carmike Cinemas, Inc.*, 41 AD3d 1279, 1280 [2007]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.