■ Donald Kropp et al., Appellants, v Corning, Inc., Respondent. [893 NYS2d 371]—

Garry, J.

Plaintiffs seek damages for personal injuries allegedly arising from a slip and fall on ice in a loading bay located at defendant's place of business in the City of Oneonta, Otsego County. On the date of his injury in February 2004, plaintiff Donald Kropp (hereinafter plaintiff) was employed as a truck driver. He

2. McCue was promoted to groundsperson II in 1992, groundsperson I in 1994 and senior groundperson in 2001.

arrived at defendant's business shortly before 5:00 A.M., and defendant's employees provided his paperwork and directed him to the loading bay. In the course of attaching the trailer to his tractor, while cranking up the legs of the landing gear, plaintiff slipped on a patch of ice. After slipping, he observed an icy spot on the blacktop surface that he later described as measuring approximately 8 to 10 inches in diameter, with no salt or sand on its surface. Plaintiff further testified that he had not observed snow or ice in the vicinity or in defendant's parking lot, loading bay, or adjacent areas upon his arrival that morning or prior to this incident. He recalled no precipitation that morning or on the prior day, though the temperature was near freezing.

Defendant moved for summary judgment, submitting this testimony, together with meteorological records for the period, revealing that the temperature on the subject date reached a high of 33 degrees and a low of four degrees, with one tenth of an inch of snowfall. The only snowfall recorded in the previous 48 hours had taken place two days earlier with one tenth of an inch reported on that date. Defendant further submitted evidence regarding an existing contract with a third party for snow and ice removal from the premises. This contract required plowing when there was snowfall of two inches or more. In addition, the testimony of defendant's maintenance supervisor revealed that defendant's custodians would supplement these efforts by shoveling or spreading "ice melt" upon request or notice of a particular problem. In opposition to the motion, plaintiffs argued that the testimony of defendant's employee revealed that there was no program for routine inspection of the loading docks or other areas. Plaintiffs submitted the affidavit of an expert safety engineer criticizing the lack of such a policy at the subject premises, as such would be a "standard operating procedure" within the industry. Supreme Court granted defendant's motion, dismissing the complaint. Plaintiffs appeal.

We reverse. Viewing the proof in the light most favorable to plaintiffs (*see Moriarity v Wallace Dev. Co., LLC*, 61 AD3d 1088, 1089 [2009]; *Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]), we find that defendant did not meet its initial burden of proving its lack of notice of the allegedly dangerous condition. Where, as here, only constructive notice is asserted, a defendant may meet its burden of affirmatively demonstrating a lack of such notice by offering proof of regularly recurring maintenance or inspection of the premises (*see Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]; *McCombs v Related Mgt. Co.*, 290 AD2d 681, 681-682 [2002]; *Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001, 1001 [1997]). Defendant did

not do so, nor did it submit any other proof that would demonstrate, as a matter of law, that this ice patch was not visible and did not exist for a sufficient length of time to permit defendant to discover and remedy it (*see e.g. Managault v Rensselaer Polytechnic Inst.*, 62 AD3d 1196, 1198 [2009]; *La Duke v Albany Motel Enters.*, 282 AD2d 974, 975 [2001]). In light of this conclusion, we do not address the sufficiency of plaintiffs' proof (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.