# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

408

CA 10-02067

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

CYNTHIA A. WEBB, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SALVATION ARMY, DEFENDANT-APPELLANT.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered July 16, 2010 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as it alleges that defendant was negligent in failing to provide adequate lighting in the parking lot and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell in defendant's parking lot after stepping on a small boot of a doll. The boot measured 1.75 inches in both height and width. According to plaintiff, the presence of the doll boot in the parking lot constituted a dangerous condition of which defendant knew or should have known, and the accident was also caused by inadequate lighting in the parking lot. Defendant moved for summary judgment dismissing the complaint on the ground that, because "there is no proof of how long the tiny doll boot lay on the parking lot surface," defendant lacked actual or constructive notice of the allegedly dangerous condition. Defendant further contended that the lighting conditions of the parking lot did not cause plaintiff to fall inasmuch as she admitted in her deposition testimony that she was looking straight ahead when she stepped on the boot.

We conclude that Supreme Court properly denied the motion for summary judgment dismissing the complaint insofar as it alleges that defendant lacked constructive notice of the allegedly dangerous condition. We note at the outset that, at oral argument on the motion, the court clarified that plaintiff was abandoning any issues with respect to defendant's alleged actual notice. "Where, as here,

only constructive notice is asserted, a defendant may meet its burden of affirmatively demonstrating a lack of such notice by offering proof of regularly recurring maintenance or inspection of the premises" (*Kropp v Corning, Inc.*, 69 AD3d 1211, 1212; *see Babb v Marshalls of MA, Inc*., 78 AD3d 976; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092).  We further note that defendant does not challenge the allegation that the doll boot constituted a dangerous condition.  Although defendant submitted evidence that, pursuant to a general unwritten policy, the manager in charge of the store at closing would inspect the parking lot for debris, defendant failed to submit evidence establishing that the general policy was followed on the night before plaintiff's accident (*see Johnson v Panera, LLC*, 59 AD3d 1118).  Thus, defendant failed to meet its initial burden of establishing as a matter of law that the doll boot had not been in the parking lot for a sufficient period of time to permit an employee to discover and remove it (*see id.*; *Cooper v Carmike Cinemas, Inc.*, 41 AD3d 1279; *Mancini v Quality Mkts*., 256 AD2d 1177).  Defendant's contention that the doll boot was not visible and apparent is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

We agree with defendant, however, that the court erred in denying the motion for summary judgment dismissing the complaint insofar as it alleges that defendant failed to provide adequate lighting in the parking lot, and we therefore modify the order accordingly.  Defendant met its initial burden of establishing that the allegedly poor lighting in the parking lot was not a cause of the accident.  In support of its motion, defendant submitted the deposition testimony of plaintiff wherein she acknowledged that she was not looking down as she was walking and that she had walked only "a little distance" after getting out of her vehicle before she fell (*see Reyes v La Ronda Cocktail Lounge*, 27 AD3d 397; *Christoforou v Lown*, 120 AD2d 387, 390-391).  Plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court