■ BELINDA MCNALLY et al., Appellants, v KIKI, INC., Doing Business as THE HILLSIDE MANOR RESTAURANT, Respondent. [938 NYS2d 657]—

McCarthy, J.

Plaintiff Belinda McNally (hereinafter plaintiff) tripped and fell while walking in the lower parking lot on defendant's premises. To recover for injuries she sustained in that fall, plaintiff and her husband, derivatively, commenced this action. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion. Plaintiffs appeal.

Because defendant failed to meet its prima facie burden of demonstrating its entitlement to summary judgment, we reverse. A landowner meets its prima facie burden of establishing that it fulfilled its duty to maintain its property in a reasonably safe condition by showing that it did not create a dangerous or defective condition and did not have actual or constructive notice of such a condition (*see Jones-Barnes v Congregation Agudat Achim*, 12 AD3d 875, 876 [2004], *lv dismissed* 4 NY3d 869 [2005]). Here, defendant submitted the deposition transcript of one of its owners, as well as plaintiff's deposition transcript. Although the owner testified generally regarding maintenance of the parking lots and the lack of any actual notice, he did not establish a lack of constructive notice. Plaintiff testified that the parking lot contained chunks of blacktop that appeared loose and broken, and that she believed that she tripped on a piece of this broken blacktop.[1] The record also contains photographs that may show weeds or grass growing through the parking lot's surface. Viewing this evidence in the light most favorable to the nonmovant (*see Kropp v Corning, Inc.*, 69 AD3d 1211, 1212 [2010]), the condition of the parking lot indicates that it may not have been properly maintained for some time. If the condition existed for an extended time, such that defendant could have discovered and remedied it, defendant had constructive notice of a defective condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

The owner testified that the lower parking lot was surfaced with a chip and tar composite that is "the next best thing" to blacktop, and that the ramp leading from the lower parking lot

---

1. Although plaintiff originally testified that the parking lot consisted of a composite of different materials and she tripped on gravel, her errata sheet clarifies that she believed that she tripped on "chunks of blacktop" or "loose and broken blacktop."

to the upper one was blacktopped. The owner further testified that the parking lots were resurfaced "a few times" in the 26 years that he was involved with the business. But when asked when the parking lots were last resurfaced prior to plaintiff's fall, he could not recall. Other than mentioning snow plowing, which was not in any way involved in this springtime incident, the owner did not testify that he or any of his co-owners or employees maintained or inspected the parking lots.[2] He did not even mention when anyone on behalf of defendant had previously been to or looked at the lower parking lot or the ramp leading to it. Due to defendant's failure to submit any evidence that it lacked constructive notice of the condition of the parking lots, which plaintiff's testimony indicated was dangerous due to the chunks of broken blacktop, defendant failed to meet its burden of demonstrating its entitlement to judgment as a matter of law (see Braudy v Best Buy Co., Inc., 63 AD3d 1092 [2009]; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]). Thus, we need not address the sufficiency of plaintiffs' proof in response; defendant's motion for summary judgment should have been denied (see Kropp v Corning, Inc., 69 AD3d at 1212-1213).

Rose, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

---

**2.** Although the owner testified that "one of the kitchen help cuts the grass once a week," the record does not reflect where this grass is in relation to the parking lots.