◾ DOLORES CALIFANO et al., Respondents, v DUBONNET HAIR STYLISTS et al., Appellants. [946 NYS2d 711]—

McCarthy, J. Appeal from an order of the Supreme Court (J. Sise, J.), entered November 3, 2011 in Montgomery County, which denied defendants' motion for summary judgment dismissing the complaint.

In February 2008, plaintiff Dolores Califano (hereinafter plaintiff) slipped and fell, allegedly on ice, in the parking lot of a

beauty salon operated by defendants. To recover for injuries sustained in that fall, plaintiff and her husband, derivatively, commenced this action. Defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting defendants' appeal.

Supreme Court properly denied defendants' motion for summary judgment. To prevail on the motion, defendants had to establish that they maintained the property in a reasonably safe condition, did not create a dangerous condition and had no actual or constructive notice of any dangerous condition that caused plaintiff's fall (see *Carpenter v J. Giardino, LLC*, 81 AD3d 1231, 1231 [2011], *lv denied* 17 NY3d 710 [2011]). Defendants submitted affidavits from three stylists who worked at the salon, each of whom averred that they did not observe ice in the parking lot when they went into the salon that morning. Although none of them saw plaintiff fall, they each averred that they went outside after she fell to assist her and saw her on the ground near a bench next to the salon entrance. They did not see any ice or slippery conditions on the ground where plaintiff was lying. One of the stylists saw salt on the ground where plaintiff fell. Defendant Janet Majewski's husband submitted an affidavit averring that he shoveled and used a snow blower to remove snow from the property that morning, and spread a salt and sand mixture in the parking lot prior to plaintiff's fall. He also attested that he saw no ice or slippery condition in the parking lot near the entrance door or nearby bench. All four affidavits, as well as Majewski's deposition testimony, attested to a lack of notice regarding any prior complaints of icy conditions in the parking lot.

Defendants also submitted plaintiff's deposition testimony. Although plaintiff was confused in her responses to many questions,* she stated several times during her testimony that the area where she fell was in front of one of two windows in the front of the salon. This area was different than the area identified by the stylists. Plaintiff testified that after she fell, she noticed that the parking lot contained snow and ice "all around," there was water on top of the ice and salt was sprinkled in the area where she fell.

Questions of fact exist regarding exactly where plaintiff fell. The stylists' statements about the lack of an icy condition near the entrance and bench do not address the condition of the parking lot in front of the windows where plaintiff testified that she fell. The divergent assertions created factual questions

---

* Plaintiff was diagnosed with Alzheimer's disease prior to her fall.

concerning the location of the fall and the condition of the parking lot in the area of the fall (*see Harris v FJN Props., LLC*, 18 AD3d 1089, 1090 [2005]; *compare Mitthauer v T. Moriarty & Son, Inc.*, 69 AD3d 588, 589 [2010]). Although defendants established a lack of actual notice of an icy condition, the record contains a factual dispute as to whether an icy condition existed and, if so, whether it existed for a sufficient period of time prior to the accident so that defendants could have corrected it. As defendants failed to meet their burden, Supreme Court properly denied their motion for summary judgment.

Peters, P.J., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.