Lahtinen, J.
Appeal from an order of the Supreme Court (Kramer, J.), entered April 30, 2012 in Schenectady County, which, among other things, denied a motion by defendant Golub Properties, Inc. for summary judgment dismissing the amended complaint against it.
On January 25, 2009, plaintiff allegedly fell on ice and snow while carrying debris to a dumpster in the parking lot adjacent to the Family Dollar store where he was employed in the City of Schenectady, Schenectady County. The property where the store was located was owned by defendant Golub Properties, Inc. (hereinafter defendant), and defendant’s representative *1081 acknowledged that defendant retained responsibility for maintaining the parking lot. Plaintiff commenced this action against defendant, and defendant brought a third-party action seeking contribution and indemnification from William M. Earned & Sons, Inc., the company that it had hired to perform snow and ice removal. Plaintiff served an amended complaint asserting a claim against Earned. Following disclosure, defendant moved for summary judgment dismissing the complaint against it and Earned moved for summary judgment dismissing the complaint as well as portions of the third-party complaint and cross claim against it. Supreme Court granted Earned’s motion in its entirety, but denied defendant’s motion. Defendant appeals, arguing that Supreme Court erred in finding a triable issue as to whether defendant had constructive notice of the snow and ice that allegedly caused plaintiffs fall.
We affirm. “In order to prevail on its motion for summary judgment, defendant was required to establish that it maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition” (Managault v Rensselaer Polytechnic Inst., 62 AD3d 1196, 1197 [2009] [internal quotation marks and citations omitted]; see Califano v Dubonnet Hair Stylists, 96 AD3d 1290, 1291 [2012]). Constructive notice is at issue here, which “requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendant ] to discover it and take corrective action” (Boyko v Limowski, 223 AD2d 962, 964 [1996]; see Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d 1314, 1315 [2007]). The evidence is viewed in the light most favorable to the party opposing summary judgment (see Kropp v Corning, Inc., 69 AD3d 1211, 1212 [2010]; Candelario v Watervliet Hous. Auth 46 AD3d 1073, 1074 [2007]).
Proof in the record indicates that the last snowfall of any consequence before the January 25, 2009 accident occurred a week earlier, on January 18, 2009, when three inches of snow fell. Earned reportedly plowed on January 19, 2009 and salted the premises the next day, but did no further work in the parking lot before the accident. Plaintiff testified that he had been working at Family Dollar for less than one month and the incident occurred the first time he had taken debris to the dumpster. He described an area of snow and ice in front of the dumpster that was three to four feet wide and had a four to five-inch ledge. Plaintiff recalled that the area of snow and ice had footprints and tire marks in it. Defendant’s representative testified that she typically inspected the premises only once every four to six *1082 weeks and she had no record or recollection of inspecting the property during the week before the accident. Although contrary evidence was presented by defendant about the prevailing condition of the parking lot, plaintiffs proof was sufficient as regards size, visibility and length of existence of the ice and snow to raise a triable question on the issue of constructive notice.
Peters, P.J., Garry and Egan Jr., JJ, concur. Ordered that the order is affirmed, with costs.