# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1298**
**CA 13-00351**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

VIVIAN M. AUSTIN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CDGA NATIONAL BANK TRUST AND CANANDAIGUA
NATIONAL CORPORATION, DOING BUSINESS AS
CANANDAIGUA NATIONAL BANK AND TRUST COMPANY,
DEFENDANTS-RESPONDENTS.

---

WILLIAM K. MATTAR, P.C., WILLIAMSVILLE (SARA T. WALLITT OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered October 29, 2012 in a personal injury action. The order granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she allegedly slipped and fell on an icy step while exiting defendants' bank. Defendants thereafter moved for summary judgment dismissing the complaint on the grounds that there was no dangerous condition and that they had no notice of any allegedly dangerous condition. Supreme Court properly granted defendants' motion. Although defendants' own submissions, which include the deposition testimony of plaintiff that she saw ice on the step, raise an issue of fact concerning the presence of a dangerous condition (*see generally Acevedo v New York City Tr. Auth.*, 97 AD3d 515, 516), we conclude that defendants met their burden of establishing that they lacked notice of the allegedly dangerous condition, and plaintiff failed to raise a triable issue of fact in opposition (*see Costanzo v Woman's Christian Assn. of Jamestown*, 92 AD3d 1256, 1258; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Here, plaintiff relies upon a theory of constructive notice, and it is well settled that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees

to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see Smith v May Dept. Store, Co.*, 270 AD2d 870, 870; *see also O'Neil v Holiday Health & Fitness Ctrs. of N.Y.*, 5 AD3d 1009, 1010). In support of the motion, defendants submitted the deposition testimony of their facilities supervisor, who is in charge of snow and ice maintenance at the bank. The facilities supervisor testified that he routinely inspects the bank's steps and sidewalk upon his arrival at the bank between 6:30 a.m. and 7:30 a.m. He or his employees salt or shovel "first thing" in the morning, if the conditions require such action. In addition to inspecting the property upon their arrival, facilities personnel regularly monitor conditions throughout the day and "re-salt or re-shovel" as needed, and do so more frequently during inclement weather or if a customer complains. Defendants did not receive any complaints about snow, ice, or any other dangerous condition on the step prior to the accident. After the accident, which occurred at approximately 12:15 p.m., the facilities supervisor did not salt the steps or direct an employee to do so because he saw nothing to salt. Defendants also submitted the deposition testimony of their regional manager, who testified that there was no ice on the step when he arrived at the bank between 8 a.m. and 8:30 a.m. on the morning of the accident and that, after the accident, he inspected the step and the surrounding area and did not observe any snow or ice. A bank security officer testified that he photographed the step approximately two hours after the accident, at which time there was no snow or ice on the step. The security officer testified that he was "perplex[ed]" when he viewed the accident scene because he observed "nothing . . . to slip or fall on." The postaccident photographs of the step depict what appears to be salt residue, but no ice.

We cannot agree with the dissent that defendants failed to meet their burden relative to constructive notice because they did not establish when the step was last inspected and salted prior to the accident. Although "a defendant *may* meet its burden of affirmatively demonstrating a lack of [constructive] notice by offering proof of regularly recurring maintenance or inspection of the premises" (*Kropp v Corning, Inc.*, 69 AD3d 1211, 1212 [emphasis added]; *see Webb v Salvation Army*, 83 AD3d 1453, 1454), such evidence is not required where, as here, defendants submitted the deposition testimony from their employees who were at the bank on the day of the accident concerning the condition of the step in the hours prior to and at the time of the accident (*see Evangelista v Church of St. Patrick*, 103 AD3d 571, 571; *cf. Spector v Cushman & Wakefield, Inc.*, 87 AD3d 422, 423; *De La Cruz v Lettera Sign & Elec. Co.*, 77 AD3d 566, 566-567; *Kropp*, 69 AD3d at 1212-1213; *see generally Rodriguez v Bronx Zoo Rest., Inc.*, 110 AD3d 412, 412).

The burden thus shifted to plaintiff to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for [her] failure so to do" (*Zuckerman*, 49 NY2d at 560; *see Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 79 AD3d 518, 519). Contrary to the contention of plaintiff, the unsworn expert reports that she submitted in opposition to the motion were not in admissible form and thus were

insufficient to raise a triable issue of fact (*see generally Arce v 1704 Seddon Realty Corp*., 89 AD3d 602, 603; *Woodard v City of New York*, 262 AD2d 405, 405; *Stowell v Safee*, 251 AD2d 1026, 1026; *see also Ciccarelli v Cotira, Inc*., 24 AD3d 1276, 1276-1277).  In any event, the report of plaintiff's expert meteorologist was insufficient to raise an issue of fact because it " 'was completely speculative and conclusory, failed to set forth foundational facts, assumed facts not supported by the evidence, and failed to recite the manner in which . . . [he] came to his conclusions' " (*Ciccarelli*, 24 AD3d at 1277).  The report of plaintiff's expert engineer was likewise insufficient to defeat defendants' motion because it improperly raised for the first time the allegation that the structure of the step itself was defective (*see Wilson v Prazza*, 306 AD2d 466, 467).  Although plaintiff's deposition testimony raises an issue of fact relative to the presence of ice on the step, we conclude that it is insufficient to raise an issue of fact with respect to constructive notice (*see Hyna v Reese*, 52 AD3d 1254, 1255-1256).

Finally, there is no merit to plaintiff's contention that summary judgment is premature because she has not yet deposed defendants' janitorial staff or reviewed defendants' records to identify all employees who were working on the date of the accident.  Plaintiff has not presented any evidence tending to show that she requested, and was denied, the opportunity to depose additional employees during the relevant time period, or that she requested, but was not provided, the records sought (*cf. Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637-638; *see generally* CPLR 3212 [f]).  Moreover, inasmuch as the accident occurred during business hours, we fail to see how deposing the janitorial staff, which is responsible for maintenance after the bank's business hours and on the weekends, would yield any information that would lead to relevant evidence (*see Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 979).  There is likewise no basis for plaintiff's assertion that deposing additional employees would reveal pertinent information about the existence of ice on the premises, particularly given that she has already deposed three employees who were working on the date of plaintiff's accident.  We thus conclude that "[p]laintiff's 'mere hope or speculation' that further discovery will lead to evidence sufficient to defeat defendant[s'] . . . motion is insufficient to warrant denial thereof" (*Kaufmann's Carousel, Inc. v Carousel Ctr. Co. LP*, 87 AD3d 1343, 1345, *lv dismissed* 18 NY3d 975).

All concur except WHALEN, J., who dissents in part and votes to modify in accordance with the following Memorandum:  I respectfully dissent in part because I cannot agree with the majority's conclusion that defendants met their burden of establishing on their motion for summary judgment dismissing the complaint that they did not have constructive notice of the alleged icy condition.  I would therefore modify the order by denying defendants' motion with respect to constructive notice, and reinstating the complaint to that extent.

We have held that a defendant failed to meet its burden on its motion for summary judgment in slip and fall cases where, as here,

there was no proof when the surface on which the plaintiff fell was last inspected (*see Bailey v Curry*, 1 AD3d 1059, 1059-1060; *Mancini v Quality Mkts.*, 256 AD2d 1177, 1177-1178).  Here, as in *Bailey* and *Mancini*, there was deposition testimony that the steps and sidewalk are routinely inspected, but there is no evidence in the record that those inspections occurred on the day of plaintiff's accident, before her fall (*see Bailey*, 1 AD3d at 1059; *Mancini*, 256 AD2d at 1177-1178).  Rather, there was only general deposition testimony from bank employees that they did not recall seeing snow or ice on the step in the surrounding area.  Given such general deposition testimony, and mindful that discovery has not yet been completed, I disagree with the majority's speculation that affording plaintiff the opportunity to depose defendants' janitorial staff could not lead to any relevant evidence (*see generally* CPLR 3212 [f]).  Rather, the deposition testimony of the janitorial staff may reveal when the steps were actually last inspected, as opposed to when defendants believe the steps were last inspected based on routine practices.  In support of their motion, defendants submitted photographs taken two hours after the accident that depict salt residue in the area where plaintiff fell.  Thus, there is evidence that someone—possibly a member of defendants' janitorial staff—salted the step at some point before plaintiff's fall.  If a member of defendants' janitorial staff salted the step the night before plaintiff's fall or before the bank opened on the morning of plaintiff's fall, a trier of fact could infer that defendants should have had notice that the steps were icy at some point before plaintiff's fall, thus raising an issue of fact whether defendants had constructive notice of the alleged icy condition (*see generally id.; Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  February 14, 2014                        Frances E. Cafarell
                                                   Clerk of the Court