Lattimore v Thackurdeen (2021 NY Slip Op 03167)





Lattimore v Thackurdeen


2021 NY Slip Op 03167


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12632
 (Index No. 605630/14)

[*1]Beverly Lattimore, plaintiff-respondent,
v
Anita Thackurdeen, appellant, Sandra Thackurdeen, defendant-respondent, et al., defendant.


Hardin, Kundla, McKeon & Poletto, P.A., New York, NY (Erik E. Harris and Stephen Donohue of counsel), for appellant.
The Law Offices of Mark E. Weinberger, P.C., Rockville Centre, NY (Eric M. Parchment of counsel), for plaintiff-respondent.
Andrea G. Sawyers, Melville, NY (Dominic Zafonte of counsel), for defendant-respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Anita Thackurdeen appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered October 16, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against her.
ORDERED that the order is affirmed, with one bill of costs.
The defendants Anita Thackurdeen (hereinafter the appellant) and Christopher Thackurdeen own a two-family house which is rented out to nonparty tenants. In July 2014, the plaintiff, who was at the property visiting a friend who lived there, allegedly was injured when one of the stairs leading to a deck at the back of the house collapsed. According to the plaintiff, she was standing on the top step for several minutes when it suddenly gave way. The plaintiff then commenced actions to recover damages for the injuries she allegedly sustained as a result of the accident. The appellant moved for summary judgment dismissing the complaint and any cross claims insofar as asserted against her. In an order entered October 16, 2017, the Supreme Court denied her motion.
The Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against her. The facts in the record do not indicate that the appellant was an out-of-possession landlord who relinquished control over the premises to her tenants (see Miske v Selvaggi, 175 AD3d 1526; Davidson v Steel Equities, 138 AD3d 911, 912).
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of a dangerous or defective condition upon the landowner's property, the plaintiff must establish that a dangerous or defective condition actually existed, and that the defendant either created the defect [*2]or had actual or constructive notice of it" (Rojecki v Genting N.Y., LLC, 176 AD3d 992, 993). "To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 599).
Here, the appellant's submissions failed to establish, prima facie, that she lacked constructive notice of the allegedly defective condition at the property. Her assertion that she inspected the subject deck and stairs during a walkthrough which took place approximately five years prior to the plaintiff's accident is too remote to be probative of the issue of constructive notice (see Harris v Ellis, 41 NY2d 446, 449; Cooper v Carmike Cinemas, Inc., 41 AD3d 1279, 1280). In addition, a report generated from a February 2014 inspection of the property by the United States Department of Housing and Urban Development, indicating that the property passed inspection, lacked the requisite specificity to meet her prima facie burden on her motion for summary judgment (cf. Kravets v New York City Hous. Auth., 134 AD3d 678, 679).
The appellant's remaining contentions either are without merit or need not be addressed in light of our determination.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court