Scott v Tops Mkts., LLC (2024 NY Slip Op 03249)

Scott v Tops Mkts., LLC

2024 NY Slip Op 03249

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, AND DELCONTE, JJ.

126 CA 23-01124

[*1]ROSITA SCOTT, PLAINTIFF-RESPONDENT,
v
TOPS MARKETS, LLC, DEFENDANT-APPELLANT, 1438 SOUTH PARK AVE CO., LLC, AND BENENSON DEVELOPMENT CORPORATION, DEFENDANTS. 

NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANT-APPELLANT.
SHAW & SHAW, P.C., HAMBURG (BLAKE ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered May 30, 2023. The order denied that part of the motion of defendants seeking summary judgment dismissing the amended complaint against defendant Tops Markets, LLC. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on a wet floor in a building owned and operated by defendants. Defendants moved for summary judgment dismissing the amended complaint, and Supreme Court, inter alia, denied that part of defendants' motion seeking dismissal of the amended complaint against defendant Tops Markets, LLC (Tops). Tops appeals, and we affirm.
" 'In seeking summary judgment dismissing the [amended] complaint, defendant[s] had the initial burden of establishing that [they] did not create the alleged dangerous condition and did not have actual or constructive notice of it' " (King v Sam's E., Inc., 81 AD3d 1414, 1414-1415 [4th Dept 2011]). Defendants failed to meet their initial burden of demonstrating that Tops did not create the allegedly dangerous condition (see Cooper v Carmike Cinemas, Inc., 41 AD3d 1279, 1280 [4th Dept 2007]; Telesco v Bateau, 273 AD2d 894, 894 [4th Dept 2000]) and that Tops did not have notice of the dangerous condition (see Gentile v University of Rochester Med. Ctr., 292 AD2d 874, 875 [4th Dept 2002]; Mancini v Quality Mkts., 256 AD2d 1177, 1177-1178 [4th Dept 1998]). Because defendants failed to meet their initial burden with respect to Tops, we need not consider the sufficiency of plaintiff's opposition to the motion (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Joyes v Buffalo Waterfront Rest. Corp., 262 AD2d 1019, 1019-1020 [4th Dept 1999]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court