■ Elliott International L.P. et al., Respondents, v Vitro, S.A.B. de C.V. et al., Defendants, and Vimexico, S.A. de C.V., et al., Appellants. Aurelius Opportunities Fund IV, Ltd., Respondent, v Vitro, S.A.B. de C.V., et al., Defendants, and Vimexico, S.A. de C.V., et al., Appellants. [945 NYS2d 1]—

Partial judgments, Supreme Court, New York County (Bernard J. Fried, J.), entered January 24, 2012 and January 25, 2012, awarding plaintiffs Aurelius Opportunities Fund IV, Ltd., Elliott International L.P. and The Liverpool Limited Partnership sums of money, and bringing up for review an order, same court and Justice, entered on or about December 19, 2011, which granted plaintiffs' motions for partial summary judgment and referred the computation of the money judgments to a referee, and an order, same court (Louis Crespo Jr., Special Ref.), entered on or about January 24, 2012, unanimously affirmed, with costs. Appeals from aforesaid orders unanimously dismissed, without costs, as subsumed in the appeals from the judgments.

Defendants waived the defense of limitation on liability, pursuant to the fraudulent conveyance savings clause provision in a series of indentures guaranteed by them. Defendants failed to raise the defense in their answer to the complaint (*see e.g. Art Masters Assoc. v United Parcel Serv.*, 77 NY2d 200, 204 [1990], *Maklihon Mfg. Corp. v Air-City, Inc.*, 224 AD2d 187 [1996]). In any event, the limitation provision at issue could be triggered only by an allegation of a fraudulent conveyance, and no such allegation was made here.

Defendants-appellants argue that principles of comity require deference to the Mexican District Court, which has been immersed for more than a year in a comprehensive reorganization of defendant Vitro, S.A.B. de C.V., defendants-appellants' parent company. Putting aside the fact that they abandoned this argument at oral argument before the motion court, defendants-appellants failed to show that circumstances exist that warrant the extension of comity to a foreign court (*see In re Aerovias Nacionales de Colombia S.A. Avianca & Avianca, Inc.*, 345 BR 120, 125-126 [SD NY 2006]). Defendants executed a broad, unconditional guaranty, signed indentures that included the express agreement that their obligations would be governed by New York law, waived any rights under Mexican laws, and irrevocably submitted themselves to the jurisdiction of New York

courts. It would prejudice plaintiffs for a New York court to ignore the express language of their bargained-for rights (*see id.*; *Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 41 AD3d 25, 27, 37 [2007], *lv denied* 10 NY3d 705 [2008] [comity not extended to Indonesian court order purporting under Indonesian law to annul indenture containing New York choice of law and forum selection clauses]; *Banco Nacional De México, S.A., Integrante Del Grupo Financiero Banamex v Societe Generale*, 34 AD3d 124, 130 [2006] [comity not extended to Mexican decision on letter of credit containing New York choice of law and jurisdiction provisions; "State of New York has a strong interest . . . in protecting the justifiable expectation of the parties who choose New York law as the governing law of a letter of credit"]). Moreover, defendants-appellants' parent company (the debtor in the Mexican action) requested that the Mexican court attempt to stay the instant action, and the Mexican court declined, finding it unnecessary to involve itself in an action against subsidiaries of the debtor.

We have considered defendants-appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.

Motions to strike portions of reply brief denied.