# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

88

CA 16-00414

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

RICHARD WILLIAMSON, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

ANNE J. HODSON, AS EXECUTRIX OF THE ESTATE OF
ROBERT P. HODSON, D.D.S., DEFENDANT-RESPONDENT.

---

TRONOLONE & SURGALLA, P.C., BUFFALO (RICHARD P. VALENTINE OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

ANSPACH MEEKS ELLENBERGER LLP, BUFFALO (DAVID M. STILLWELL OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered December 14, 2015. The judgment was entered upon a jury verdict in defendant's favor.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover for damages for injuries that he allegedly sustained as a result of decedent's dental malpractice. On appeal from a judgment entered upon a jury verdict in defendant's favor, plaintiff contends that Supreme Court erred in denying his motion for judgment as a matter of law pursuant to CPLR 4401. We reject that contention. Given the conflicting testimony of the parties' experts, we conclude that it cannot be said that there is " 'no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion [advocated by the nonmovant] on the basis of the evidence presented at trial' " (*Szczerbiak v Pilat*, 90 NY2d 553, 556, quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499).

Plaintiff further contends that the court erred in failing to grant his posttrial motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial. We conclude that plaintiff's contention is not properly before us inasmuch as he abandoned that contention at oral argument of his motion (*see Webb v Salvation Army*, 83 AD3d 1453, 1453; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Here, the record establishes that plaintiff's counsel responded in the affirmative when the court at oral argument asked whether plaintiff was requesting that the court direct entry of judgment in his favor on the issue of negligence and was "not asking for a new trial on the question of

negligence," i.e., the appropriate relief when a jury verdict is set aside as against the weight of the evidence (*see Rogers v DiChristina*, 195 AD2d 1061, 1062, *lv denied* 82 NY2d 852). In any event, plaintiff's contention lacks merit inasmuch as " 'the trial was a prototypical battle of the experts, and the jury's acceptance of [defendant's] case was a rational and fair interpretation of the evidence' " (*Schultz v Excelsior Orthopaedics, LLP* [appeal No. 2], 129 AD3d 1606, 1607).

Entered: February 10, 2017                    Frances E. Cafarell
                                              Clerk of the Court