Stillman v Mobile Mtn., Inc. (2018 NY Slip Op 07901)





Stillman v Mobile Mtn., Inc.


2018 NY Slip Op 07901


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, AND WINSLOW, JJ.


1176 CA 18-00176

[*1]JACOB STILLMAN, PLAINTIFF-RESPONDENT,
v
MOBILE MOUNTAIN, INC., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL REDDY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CONNORS LLP, BUFFALO (LAWLOR F. QUINLAN, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered May 8, 2017. The judgment apportioned damages 80% to defendant Mobile Mountain, Inc. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he fell from an artificial rock climbing wall at a local festival. Mobile Mountain, Inc. (defendant) appeals from a judgment that, upon a jury verdict, apportioned defendant 80% of the damages to be awarded to plaintiff at a subsequent damages trial. Inasmuch as defendant requested only a premises liability charge (see PJI 2:90), defendant failed to preserve for our review its contention that Supreme Court erred in failing to instruct the jury on the issue of actual or constructive notice in connection with plaintiff's theory of negligent inspection (see Fitzpatrick & Weller, Inc. v Miller, 21 AD3d 1374, 1375 [4th Dept 2005]). In any event, that contention is without merit (see generally Pantoja v Lindsay Park Hous. Corp., 277 AD2d 365, 366 [2d Dept 2000]; Naples v City of New York, 34 AD2d 577, 578 [2d Dept 1970]).
The court properly denied defendant's request to instruct the jury on the doctrine of assumption of the risk. Contrary to defendant's contention, the failure to inspect or the negligent inspection of the artificial rock climbing wall's safety equipment that was used by plaintiff unreasonably enhanced the risks that plaintiff assumed in climbing that festival amusement (see generally Custodi v Town of Amherst, 20 NY3d 83, 87-88 [2012]; Stillman v Mobil Mtn., Inc., 162 AD3d 1510, 1511 [4th Dept 2018]). Finally, we reject defendant's contention that the court erred in denying its motion for a directed verdict inasmuch as there was a rational process by which the jury could have based a finding in favor of plaintiff upon the evidence presented (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Williamson v Hodson, 147 AD3d 1488, 1488-1489 [4th Dept 2017], lv denied 29 NY3d 913 [2017]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court