Ohm NYC LLC v Times Sq. Assoc. LLC (2019 NY Slip Op 02034)





Ohm NYC LLC v Times Sq. Assoc. LLC


2019 NY Slip Op 02034


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8735 151536/18

[*1]OHM NYC LLC, Plaintiff-Appellant,
v
Times Square Associates LLC, et al., Defendants-Respondents.


Phillips Nizer LLP, New York (Richard P. Kaye of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 27, 2018, which granted the part of defendants' motion pursuant to CPLR 3211 seeking to dismiss the causes of action for fraudulent inducement and rescission, unanimously reversed, on the law, with costs, and the motion denied.
The complaint alleges multiple instances of defendants misrepresenting to plaintiff that the Bridge, a portion of the ground floor of a building, would be included in the leased premises. These misrepresentations, which the complaint alleges were made to induce plaintiff into entering into the lease, were not promises of future performance, but misrepresentations of a then present fact. Thus, the complaint states a cause of action for fraudulent inducement that is not duplicative of the breach of contract claim (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954 [1986]; MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 294 [1st Dept 2011]; GoSmile, Inc. v Levine, 81 AD3d 77, 81 [1st Dept 2010], lv dismissed 17 NY3d 782 [2011]).
Contrary to defendants' contention, the disclaimer and merger provision of the subject lease does not provide a ground for dismissing the fraudulent inducement claim. There is nothing in the record to suggest that plaintiff knew or should have known that the Bridge would not be included in the leased premises, as was originally represented. Moreover, there is nothing in the record to suggest that plaintiff could have discovered the terms of the lease of the adjacent premises or any promises about the Bridge that defendants may have made to the tenants of the adjacent premises, which would be facts peculiarly within defendants' knowledge (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 137-140 [1st Dept 2014]).
In view of the reinstatement of the fraud claim, the rescission claim should also be reinstated (see Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284 [1910]; Babylon Assoc. v County of Suffolk, 101 AD2d 207, 215 [2d Dept 1984]).
At oral argument before the motion court, defendants abandoned the part of their motion seeking to dismiss the remaining causes of action (see Elliott Intl. L.P. v Vitro, S.A.B. de C.V., 95 AD3d 565 [1st Dept 2012]; Williamson v Hodson, 147 AD3d 1488, 1489 [4th Dept 2017], lv denied 29 NY3d 913 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK